UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARRY NIEBERG, an individual, and HARRY      Case No.: 08 CV 0392 (MGC)
NIEBERG FUNERAL HOME INC., a New York
corporation,
       Plaintiffs,
-v-                                          **PLAINTIFFS' ANSWER TO**
                                             **DEFENDANTS'**
NIEBERG MIDWOOD CHAPEL INC., a New York      **COUNTERCLAIM AGAINST**
corporation, MIDWOOD MEMORIAL CHAPEL, INC., a **PLAINTIFFS**
New York corporation,

       Defendants.

NIEBERG MIDWOOD CHAPEL INC., and MIDWOOD
MEMORIAL CHAPEL INC., New York corporations,

       Defendants and Counterclaim Plaintiffs,
-v-

HARRY NIEBERG, and HARRY NIEBERG FUNERAL
HOME INC.,
       Counterclaim Defendants, and

SHERMAN FUNERAL HOME, INC.,

       Additional Counter-Claim Defendant.
------------------------------------------------------------X

Counterclaim Defendants, HARRY NIEBERG, individually, and HARRY NIEBERG FUNERAL HOME INC., by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to Defendants' Counterclaim Against Plaintiffs herein, allege upon information and belief as follows:

**AS AND FOR A COUNTERCLAIM
AGAINST HARRY NIEBERG, HARRY NIEBERG
FUNERAL HOME INC. and SHERMAN FUNERAL HOME
INC. UNDER THE LANHAM ACT 15 USC §1051 ET. SEQ.**

35.    Plaintiffs admit the allegations contained in paragraph "35" of the Counterclaim.

36. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "36" of the Counterclaim, as to who organized HARRY NIEBERG & SONS, INC., or if HARRY NIEBERG & SONS, INC. is the predecessor of Defendants and, therefore, deny same. Plaintiffs admit the remaining allegations contained in paragraph "36" of the Counterclaim.

37. Plaintiffs deny the allegations contained in paragraph "37" of the Counterclaim.

38. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "38" of the Counterclaim, and, therefore, deny same.

39. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "39" of the Counterclaim, and, therefore, deny same.

40. Plaintiffs deny the allegations contained in paragraph "40" of the Counterclaim.

41. Plaintiffs deny the allegations contained in Paragraph "41" of the Counterclaim.

42. Plaintiffs deny the allegations contained in Paragraph "42" of the Counterclaim.

43. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "43" of the Counterclaim, and, therefore, deny same.

**FIRST CAUSE OF ACTION OF COUNTERCLAIM**

**INFRINGEMENT OF TRADE NAME AND UNFAIR COMPETITION AGAINST ALL COUNTERCLAIM DEFENDANTS UNDER LANHAM ACT**

44. Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "43" of the Counterclaim with the same force and effect as set forth herein at length.

45. Plaintiffs admit the allegations contained in paragraph "45" of the Counterclaim.

46. Plaintiffs admit the allegations contained in paragraph "46" of the Counterclaim that a dispute arose and that proceedings were instituted. Plaintiffs deny the remaining allegations contained in paragraph "46" of the Counterclaim.

47. Plaintiffs admit that Harry received in excess of $2,000,000 for his one-third (1/3) interest in the defendant corporations and that Harry received $271,000 from the Pension Fund when it was liquidated. Plaintiffs deny the remaining allegations contained in paragraph "47" of the Counterclaim.

48. Plaintiffs deny the allegations contained in paragraph "48" of the Counterclaim.

49. Plaintiffs admit the allegations contained in paragraph "49" of the Counterclaim that an action was filed in the Supreme Court, Kings County and that copies of correspondence sent to Harry are attached as Exhibit C. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegation contained in Paragraph "49" of the Counterclaim, that copies of notices sent to Sherman Funeral Home are attached as Exhibit C and, therefore, deny same. Plaintiffs deny the remaining allegations contained in paragraph "49."

50. Plaintiffs deny the allegations contained in paragraph "50" of the Counterclaim.

51. Plaintiffs deny the allegations contained in paragraph "51" of the Counterclaim.

## SECOND CAUSE OF ACTION

### VIOLATION OF NEW YORK LAW AND UNFAIR COMPETITION AGAINST PLAINTIFFS AND ADDITIONAL COUNTERCLAIM DEFENDANT SHERMAN

52. Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "51" of the Counterclaim with the same force and effect as set forth herein at length.

53. Plaintiffs deny the allegations contained in paragraph "53" of the Counterclaim.

## THIRD CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT AGAINST COMPETITION
### AND/OR USE OF THE NAME "HARRY NIEBERG" OR "NIEBERG"

54. Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "53" of the Counterclaim with the same force and effect as set forth herein at length.

55. Plaintiffs deny the allegations contained in paragraph "55" of the Counterclaim.

56. Plaintiffs deny the allegations contained in paragraph "56" of the Counterclaim.

## FOURTH CAUSE OF ACTION

### ACTION FOR DAMAGES

57. Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "56" of the Counterclaim with the same force and effect as set forth herein at length.

58. Plaintiffs deny the allegations contained in paragraph "58" of the Counterclaim.

## FIFTH CAUSE OF ACTION

### ACTION FOR UNFAIR COMPETITION

59. Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "58" of the Counterclaim with the same force and effect as set forth herein at length.

60. Plaintiffs deny the allegations contained in paragraph "60" of the Counterclaim.

61. Plaintiffs deny the allegations contained in paragraph "61" of the Counterclaim.

62. Plaintiffs deny the allegations contained in paragraph "62" of the Counterclaim.

63. Deny the allegations contained in paragraph "63" of the Counterclaim.

64. Deny the allegations contained in paragraph "64" of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a cause of action against these answering Counterclaim Defendants.

## SECOND AFFIRMATIVE DEFENSE

Counterclaim Defendants' alleged acts and/or omissions are not the proximate cause of the Defendants and Counterclaim Plaintiffs' alleged damages and/or injuries.

## THIRD AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Counterclaim, Counterclaim Defendants violated no legal duty owing by Counterclaim Defendants to the Defendants and Counterclaim Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to name a necessary party or parties.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants and Counterclaim Plaintiffs have released and discharged Counterclaim Defendants from any liability by virtue of Defendants and Counterclaim Plaintiffs' own acts or omissions.

## NINTH AFFIRMATIVE DEFENSE

Counterclaim Defendants presently have insufficient knowledge or information on which to form a belief as to whether Counterclaim Defendants may have additional, as yet unstated, defenses

available. Defendants reserve the right to assert additional defenses in the event discovery indicates such additional defenses would be appropriate.

**WHEREFORE**, Counterclaim Defendants pray for judgment as follows:

(a) That Defendants and Counterclaim Plaintiffs take nothing by way of their Counterclaim and that each cause of action against Counterclaim Defendants be dismissed;

(b) For attorney's fees, costs and disbursements;

(c) For costs of suit incurred herein; and

(d) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 18, 2008

                **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: _____
Joseph Uvino, Esq. (JU 9152)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendants*
HARRY NIEBERG, individually, and
HARRY NIEBERG FUNERAL HOME, INC.
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300

TO: Ronald J. Offenkrantz, Esq.
LICHTER GLIEDMAN OFFENKRANTZ PC
*Attorneys for Defendants and Counterclaim Plaintiffs*
551 Fifth Avenue
New York, New York 10176
(212) 867-7750

Michael H. Smith, Esq.
ROSENBERG FELDMAN SMITH, LLP
*Attorneys for Defendants and Counterclaim Plaintiffs (Trial Counsel)*
551 Fifth Avenue
New York, New York 10176
(212) 682-3454

# CERTIFICATE OF SERVICE

**STATE OF NEW YORK** )
                     ) ss:
**COUNTY OF NEW YORK** )

    **MARY PARKER**, being duly sworn, deposes and says:

    I am not a party to this action, I am over eighteen (18) years of age and I reside in the State of New York, County of Kings.

    That on the **18th** day of, **March, 2008** I served a true copy of the annexed **PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS** upon the following:

        Ronald J. Offenkrantz, Esq.
        LICHTER GLIEDMAN OFFENKRANTZ PC
        *Attorneys for Plaintiff*
        551 Fifth Avenue
        New York, New York 10176
        (212) 867-7750

        Michael H. Smith, Esq.
        ROSENBERG FELDMAN SMITH, LLP
        *Attorneys for Defendants and Counterclaim Plaintiffs (Trial Counsel)*
        551 Fifth Avenue
        New York, New York 10176
        (212) 682-3454

by mailing same in a sealed envelope, with postage prepaid thereon via *First Class Mail* within the State of New York.

                                                      _____
                                                      Mary Parker

Sworn to before me this
18th day of March, 2008.

_____
- Notary Public -

SHADENA MORANT-DANIELS
Notary Public, State of New York
No. 24-4986342
Qualified in Kings County
Commission Expires Sept. 9, 2009

4832-7559-3474.1                                                            7