08 CV 00392 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY NIEBERG, an individual, and
HARRY NIEBERG FUNERAL HOME INC.,
Plaintiffs,

v.

NIEBERG MIDWOOD CHAPEL INC., a
New York corporation, and MIDWOOD
MEMORIAL CHAPEL INC., a New York
Corporation,

Defendants.

**AFFIDAVITS IN OPPOSITION
TO MOTION FOR
PRELIMINARY INJUNCTION**

**LICHTER GLIEDMAN OFFENKRANTZ PC**

Attorneys for

Defendants
551 FIFTH AVENUE
NEW YORK, N.Y. 10176
TEL. (212) 867-7750
FAX. (212) 658-9424

To

Attorney(s)    for

Service of a copy of the within

Dated,                              is hereby admitted.

Attorney(s)    for

---

ETC.

**PLEASE TAKE NOTICE**

☐   that the within is a (certified) true copy of a
     entered in the office of
     the clerk of the within named Court on .

☐   that an Order of which the within is a true copy
     will be presented for settlement to the
     Honorable                                    one of
     the judges of the within named Court, at
                                                 , at
                                        on
                                          ,

Dated:

**LICHTER GLIEDMAN OFFENKRANTZ PC**

Attorneys    for

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney
admitted to practice in the courts of New York State, certifies that,
upon information and belief and reasonable inquiry, (1) the
contentions contained in the annexed document are not frivolous
and that (2) if the annexed document is an initiating pleading, (i)
the matter was not obtained through illegal conduct, or that if it
was, the attorney or other persons responsible for the illegal
conduct are not participating in the matter or sharing in any fee
earned therefrom and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not
obtained in violation of 22 NYCRR 1200.41-a.

Dated:

Print signer's name

**LICHTER GLIEDMAN OFFENKRANTZ PC**

Attorneys    for

551 FIFTH AVENUE
NEW YORK, N.Y. 10176

To

Attorney(s)    for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

HARRY NIEBERG, an individual, and      :     Case No. 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME INC.,
a New York corporation,           :

                Plaintiffs,   :

            v.             :     **AFFIDAVIT IN OPPOSITION**
                          **TO MOTION FOR**
NIEBERG MIDWOOD CHAPEL INC.,   :     **PRELIMINARY INJUNCTION**
a New York corporation, MIDWOOD
MEMORIAL CHAPEL INC., a New York  :
corporation,

                        :

                Defendants.   :

-------------------------------------------------------------- x

NIEBERG MIDWOOD CHAPEL INC.,   :
and MIDWOOD MEMORIAL CHAPEL   :
INC., New York corporations,
Defendants and Counterclaim Plaintiffs, :

            v.             :

HARRY NIEBERG, and HARRY NIEBERG :
FUNERAL HOME INC.,
Counterclaim Defendants, and      :
SHERMAN FUNERAL HOME INC.,
Additional Counter-Claim Defendant.  :

-------------------------------------------------------------- x

STATE OF NEW YORK    )
                   )ss.:
COUNTY OF NEW ORK   )

     RONALD J. OFFENKRANTZ, being duly sworn, deposes and says:

     I am a member of the firm of LICHTER GLIEDMAN OFFENKRANTZ PC, attorneys

for defendants herein and I make this Affidavit in Opposition to plaintiffs' motion for

preliminary injunctive relief.

1.     There are attached hereto as Exhibit A, a copy of plaintiffs' Complaint and Plaintiffs' Reply to Counterclaim in this action neither of which were attached to plaintiffs' moving papers.

2.     There are attached hereto as Exhibit B, printouts from the United States Patent and Trademark Office for various service marks obtained by funeral homes long after first use in commerce, including that of I.J. MORRIS, a Brooklyn, New York funeral home, which applied for a service mark more than fifty years after the first use in commerce based on the name of the deceased, I.J. MORRIS, together with defendants' application which describes the Mark HARRY NIEBERG & SONS INC. as being in use at least as early as 1965.

3.     There is attached hereto as Exhibit C, the exchange of e-mails on April 2, 2008 with counsel of record for plaintiffs, JOSEPH UVINO, ESQ., in which counsel was asked to produce by hand delivery for the purposes of defending this motion, a copy of the License Agreement with SHERMAN, referred to in plaintiffs' moving papers, to which counsel of record responded "we will get a copy of the agreement to you." Notwithstanding that promise, the agreement with SHERMAN was not produced even though the agreed upon date for service of defendants' opposing papers is tomorrow, April 10, 2008.

RONALD J. OFFENKRANTZ

Sworn to before me this

9th day of April, 2008.

Notary Public

RONA INGEGNERI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01IN7036225
Qualified in New York County
Commission Expires September 30, 2010

2

**EXHIBIT A**



WASHINGTON 00392

*Send 1/18/08 ??*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern  | District of |  New York  |

Harry Nieberg, an individual, and Harry Nieberg
Funeral Home Inc, a New York Corporation

V.

Nieberg Midwood Chapel Inc., a New York
corporation; Midwood Memorial Chapel Inc.,
a New York corporation,

**SUMMONS IN A CIVIL ACTION**

# 08 CV 00392 (MGC)

**CASE NUMBER:**

TO: (Name and address of Defendant)

Nieberg Midwood Chapel Inc.
Midwood Memorial Chapel Inc.
1625 Coney Island Avenue
Brooklyn, New York 11230

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lewis Brisbois Bisgaard & Smith, LLP
199 Water Street, 25th Floor
New York, New York 10038

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

JAN 1 5 2008

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HARRY NIEBERG, an individual, and
HARRY NIEBERG FUNERAL HOME INC., a
New York corporation,

                 Plaintiffs,

        v.

NIEBERG MIDWOOD CHAPEL INC., a New York
Corporation; MIDWOOD MEMORIAL CHAPEL INC.,
a New York corporation,

                 Defendants.
------------------------------------------------------------------X

Case No.

**08 CV 00392 (MGC)**

**COMPLAINT**

RECEIVED
JAN 15 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, HARRY NIEBERG, ("Harry"), and HARRY NIEBERG FUNERAL HOME INC.,

("Nieberg Funeral") for their claims against NIEBERG MIDWOOD CHAPEL INC., ("Midwood

Chapel"); and MIDWOOD MEMORIAL CHAPEL INC., ("Midwood Memorial") (collectively the

"Defendants") on information and belief, allege as follows:

## NATURE OF ACTION

1.    This is an action for service mark infringement pursuant to the Lanham Act; service

mark infringement pursuant to New York common law; unfair competition pursuant to New York

common law; tortious interference with contract pursuant to New York law against Midwood Chapel

and Midwood Memorial; tortious interference with prospective economic advantage pursuant to

New York law against Midwood Chapel and Midwood Memorial; and declaratory relief pursuant to

28 U.S.C. §2201 et seq. and 15 U.S.C. §1051 et seq. This action arises out of Midwood Chapel's

and Midwood Memorial's actions to wrongfully interfere with Harry's and Nieberg Funeral's

engaging in the funeral services business under the HARRY NIEBERG FUNERAL HOME mark

and out of Midwood Chapel's fraudulent attempt to wrongfully register HARRY NIEBERG as a

service mark with the United States Patent and Trademark Office. As a result of these unlawful

actions, as further alleged herein, Plaintiffs seek injunctive relief, the recovery of actual damages,

punitive damages, exemplary damages, costs and attorneys' fees and such other relief as the Court may deem appropriate.

## THE PARTIES

2.    HARRY NIEBERG is an individual whose present residential address is 2370 East 66th Street, Brooklyn, New York.

3.    HARRY NIEBERG FUNERAL HOME INC. is a New York corporation.

4.    NIEBERG MIDWOOD CHAPEL INC. is a New York corporation with its principal place of business at 1625 Coney Island Avenue, Brooklyn, New York.

5.    MIDWOOD MEMORIAL CHAPEL INC. is a New York corporation with its principal place of business at 1625 Coney Island Avenue, Brooklyn, New York.

## JURISDICTION

6.    This Court has original jurisdiction over the First Claim for Infringement under the Lanham Act and the Fifth Claim for Declaratory Relief pursuant to 28 U.S.C. §§ 2201 et seq. and 15 U.S.C. §1051 et seq.

7.    This Court has jurisdiction over the Second, Third and Fourth Claims for Relief on the basis of supplemental jurisdiction pursuant to 28 U.S.C. §1367, as the Second, Third and Fourth Claims for Relief arise under New York law and are so related to the First and Fifth Claims for Relief, over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 2201 et seq. and 15 U.S.C. §1051 et seq., that they form part of the same case and controversy under Article III of the United States Constitution.

8.    Personal jurisdiction over Midwood Chapel is proper as it has had substantial, continuous and systematic contacts with the State of New York, has purposefully directed its activities to residents of the State of New York, and/or has purposefully availed itself of the privilege of conducting activities within the State of New York, which activities have resulted in injuries to Harry and Nieberg Funeral as alleged herein.

9.    Midwood Chapel is a New York corporation doing business in the State of New York and has an office in Brooklyn, New York.

10.    Personal jurisdiction over Midwood Memorial is proper as it has had substantial, continuous and systematic contacts with the State of New York, has purposefully directed its activities to residents of the State of New York, and/or has purposefully availed itself of the privilege of conducting activities within the State of New York, which activities have resulted in injuries to Harry and Nieberg Funeral as alleged herein.

11.    Midwood Memorial is a New York corporation doing business in the State of New York and has an office in Brooklyn, New York.

## VENUE

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1-3), as a substantial part of the events giving rise to the claims at issue in this action occurred in this judicial district.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(c), as Defendants are subject to personal jurisdiction in this judicial district and thus, Defendants have significant contacts with this judicial district.

## STATEMENT OF FACTS

14.    At least as late as March 1997, Harry and his brothers Peter J. Nieberg ("Peter") and Stanley J. Nieberg ("Stanley") each became one-third shareholders of Midwood Chapel and Midwood Memorial.

15.    In or about August of 2004, Harry filed for dissolution of Midwood Chapel and Midwood Memorial.

16.    On or about August 16, 2006, a Stipulation of Settlement and Order (the "Stipulation"), resolving the dissolution dispute without requiring the dissolution of Midwood Chapel and Midwood Memorial, was signed by the Court and subsequently filed on August 28, 2006.

17.    Before the execution of the Stipulation, the parties thereto negotiated regarding the possible inclusion of certain provisions in the Stipulation, one such provision being a non-

competition clause containing the language "Effective on Closing, Harry agrees not to solicit customers or employees or the Corporations, or to engage in, or allow his name to be used, in connection with any funeral home or mortuary business in Kings County, New York for the one year period from May 1, 2006 through and including April 30 2007" (the "Non-competion Clause").

18.    The Stipulation as executed and entered by the Court neither contains the Non-competition Clause, nor any other form of non-competition clause.

19.    The Stipulation as executed and entered by the Court neither contains the non-solicitation language in the Non-competition clause, nor does it contain any provision which in any manner prohibits Harry from soliciting, engaging, contacting, and/or communicating in any manner with clients or customers of Defendants whether or not those clients or customers pre-existed the Stipulation.

20.    In or about September of 2006, Harry entered into an oral contract ("Oral Contract") with Sherman Funeral Home, Inc. ("Sherman Funeral"), located at 1283 Coney Island Avenue, Brooklyn, New York.

21.    Pursuant to the Oral Contract, Harry, or any Harry controlled entity formed or to be formed by Harry, was to receive a percentage of profits on any funeral service conducted at the Sherman Funeral facilities which funeral service was attributable to Harry's business endeavors and/or goodwill.

22.    Effective at the time of the formation of the Oral Contract, Harry licensed HARRY NIEBERG (the "Mark") to Sherman Funeral.

23.    Consistent with the Oral Contract, on or about July 26, 2007, Harry registered Nieberg Funeral as an entity with the New York State Department of State and thereafter commenced the funeral services licensing process.

24.    Effective July 26, 2007, Harry assigned his personal rights to the Mark to Nieberg Funeral.

25.    No later than August of 2007, Sherman Funeral commenced use by displaying the Mark on the outside of the Sherman Funeral facilities to attract funeral services customers.

26.     Commencing in or about September, 2007, Sherman Funeral conducted funeral services which were attributable to Harry's business endeavors and/or good will (the "Harry Attributable Funerals").

27.     Harry engaged in efforts to oversee the general quality of the Harry Attributable Funerals conducted by Sherman Funeral.

28.     On or about October 2, 2007, Harry and Nieberg Funeral received correspondence, which was copied to Sherman Funeral, from Defendants' counsel requiring that Harry, Nieberg Funeral and Sherman Funeral cease "trading under the name of "Harry Nieberg Funeral Home" and to instruct all publications…that the Harry Nieberg Funeral Home is no longer to be advertised in those publications."

29.     On or about October 16, 2007, Defendants' counsel sent correspondence (the "October 16th Letter") to Sherman Funeral in which Defendants demanded that Sherman Funeral "refrain from using the name Harry Nieberg Funeral Home in connection with any funeral services performed by you or your establishment."

30.     The October 16th Letter further threatened to institute suit for injunctive relief and other relief if Sherman Funeral failed to confirm that the name Harry Nieberg and/or Harry Nieberg Funeral Home would not be used in connection with the Sherman Funeral or services provided at the Sherman Funeral facilities.

31.     Subsequent to receiving the October 16th Letter, Sherman Funeral removed the placard bearing the Mark and declined to allow Harry and/or Nieberg Funeral to conduct any funeral services at Sherman Funeral, resulting in Harry and/or Nieberg Funeral losing potential funeral service clients and any and all associated profits.

32.     On October 13, 2007, Midwood Chapel filed a service mark application with the United States Patent and Trademark Office claiming the service mark HARRY NIEBERG & SONS (the "USPTO Application").

33.     The USPTO Application is a use based application, wherein Midwood Chapel claims to be using the mark as of October 13, 2007.

34.    In the USPTO Application, Midwood Chapel claims a date of first use of HARRY NIEBERG & SONS of January 1, 1965.

35.    Defendants' claimed date of first use of HARRY NIEBERG & SONS of January 1, 1965 is unfounded as Defendants have not used HARRY NIEBERG & SONS as a service mark dating back to January 1, 1965.

36.    Prior to October 13, 2007, neither Midwood Chapel nor Midwood Memorial has ever claimed HARRY NIEBERG as a service mark.

## FIRST CLAIM FOR RELIEF

### SERVICE MARK INFRINGEMENT UNDER 15 U.S.C. §1125(a)

#### (AGAINST ALL DEFENDANTS)

37.    Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38.    Plaintiffs first used the Mark in commerce in connection with the offering of funeral services on or about July 26, 2007.

39.    Prior to July 26, 2007, Defendants never used the Mark as a service mark, despite Defendants' claimed first use date of January 1, 1965 in the USTPO Application.

40.    In Defendants' USPTO Application, Defendants claim use of the Mark as of October 13, 2007.

41.    Defendants' claimed use of the Mark as is indicated in the USPTO Application, is an unauthorized use of the Mark with respect to the offering of funeral services in connection with Midwood Chapel and Midwood Memorial.

42.    Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and confusing and misleading misrepresentations concerning the Mark to third parties constitute service mark infringement, false designation of origin and a false description and representation of Defendants' business and services, which have damaged and will continue to

damage the reputation and goodwill of the Harry Nieberg and Nieberg Funeral names and hinder the ability of Nieberg Funeral to maintain customers.

43.    Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and misrepresentations concerning the Mark to third parties have and will continue to cause confusion in the funeral industry and confusion on the part of funeral services consumers in Plaintiff's geographical area.

44.    Defendants' activities are in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

45.    As a direct and proximate result of Defendants' false and misleading representations, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

46.    The acts of the Defendants as alleged herein and the ongoing direct results of those acts have damaged Plaintiffs in an amount to be proven at trial.

47.    Unless Defendants are preliminarily and permanently enjoined by this Court from continued infringement of the Mark, Plaintiffs will continue to suffer irreparable harm through the Defendants' use of the Mark.

## SECOND CLAIM FOR RELIEF

### SERVICE MARK INFRINGEMENT UNDER COMMON LAW

#### (AGAINST ALL DEFENDANTS)

48.    Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.    Plaintiffs first used the Mark in commerce in connection with the offering of funeral services on or about July 26, 2007.

50.    The Mark as used by Plaintiffs has acquired secondary meaning.

51.    Prior to July 26, 2007, Defendants never used the Mark as a service mark, despite Defendants' claimed first use date of January 1, 1965 in the USTPO Application.

52.    In Defendants' USPTO Application, Defendants claim use of the Mark as of October 13, 2007.

53.    Defendants' claimed use of the Mark, as is indicated in the USPTO Application, is an unauthorized use of the Mark with respect to the offering of funeral services in connection with Midwood Chapel and Midwood Memorial.

54.    Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and confusing and misleading misrepresentations concerning the Mark to third parties constitutes service mark infringement and a false description and representation of Defendants' business and services, which have damaged and will continue to damage the reputation and goodwill of the Harry Nieberg and Nieberg Funeral names and hinder the ability of Plaintiffs to maintain customers.

55.    Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and misrepresentations concerning the Mark to third parties have and will continue to cause confusion in the funeral industry and confusion on the part of funeral services consumers in Plaintiff's geographical area.

56.    Defendants' activities are in violation of New York common law.

57.    As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

58.    The acts of the Defendants as alleged herein and the ongoing direct results of those acts have damaged Plaintiffs in an amount to be proven at trial.

59.    Unless Defendants are preliminarily and permanently enjoined by this Court from continued infringement of the Mark, Plaintiffs will continue to suffer irreparable harm through the Defendants' use and threatened continued use of the Mark.

## THIRD CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER COMMON LAW

#### (AGAINST ALL DEFENDANTS)

60.     Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 59 as if fully set forth herein.

61.     Plaintiffs first used the Mark in commerce in connection with the offering of funeral services on or about July 26, 2007.

62.     Prior to July 26, 2007, Defendants never used the Mark as a service mark, despite Defendants' claimed first use date of January 1, 1965 in the USTPO Application.

63.     In Defendants' USPTO Application, Defendants claim use of the Mark as of October 13, 2007.

64.     Defendants' claimed use of the Mark, as is indicated in the USPTO Application, is an unauthorized use of the Mark with respect to the offering of funeral services in connection with Midwood Chapel and Midwood Memorial.

65.     Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and confusing and misleading misrepresentations concerning the Mark to third parties constitutes service mark infringement and a false description and representation of Defendants' business and services, which have damaged and will continue to damage the reputation and goodwill of the Harry Nieberg and Nieberg Funeral name and hinder the ability of Plaintiffs to maintain customers.

66.     Defendants' use and threatened continued use of marks which are identical or nearly identical to the Mark and misrepresentations concerning the Mark to third parties have and will continue to cause confusion in the funeral industry and confusion on the part of funeral services consumers in Plaintiff's geographical area.

67.     Defendants' activities are in violation of New York common law.

68.     As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

69.     The acts of the Defendants as alleged herein and the ongoing direct results of those acts have damaged Plaintiffs in an amount to be proven at trial.

70.     Unless Defendants are preliminarily and permanently enjoined by this Court from continued infringement of the Mark, Plaintiffs will continue to suffer irreparable harm through the Defendants' use and threatened continued use of the Mark.

## FOURTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH CONTRACT

### (AGAINST ALL DEFENDANTS)

71.     Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 70 as if fully set forth herein.

72.     Plaintiffs have a valid and enforceable oral contract with Sherman Funeral regarding conducting funeral services at the Sherman Funeral facilities.

73.     By virtue of Defendants correspondence to Harry and Nieberg Funeral of October 2, 2007, which was copied to Sherman Funeral, and the October 16th Letter, Defendants had knowledge of the contractual relationship between Plaintiffs and Sherman Funeral.

74.     By virtue of Defendants correspondence to Harry and Nieberg Funeral of October 2, 2007, which was copied to Sherman Funeral, and the October 16th Letter, Defendants have intentionally and improperly attempted to interfere with the contractual relationship between Plaintiffs and Sherman Funeral.

75.     Defendants wrongfully sent unfounded, false and/or misleading correspondence to Sherman Funeral demanding that Sherman Funeral cease advertising and performing funeral services in connection with Nieberg Funeral and/or the Mark.

76.     Defendants' conduct prevented Plaintiffs from performing pursuant to the Oral Contract and has frustrated Plaintiffs' ability to receive the benefits therefrom.

77.     Plaintiffs suffered harm and damages resulting from Defendants' intentional and wrongful interference with Plaintiffs' contractual relationship with Sherman Funeral.

78.     Defendants are without privilege to justify Defendants' interference with Plaintiffs' contractual relationship with Sherman Funeral.

79.     As a direct and proximate result of this interference by Defendants, Plaintiffs have suffered substantial injury to Plaintiffs' business operations, goodwill, revenue and profits.

80.     As a direct and proximate result of Defendants' acts, Plaintiffs have been and will continue to be damaged in an amount not yet fully ascertained, but which will be subject to proof at trial.

81.     The acts of Defendants as alleged herein and the ongoing direct results of those acts have caused and will continue to cause great and irreparable injury to Plaintiffs in an amount that cannot be ascertained, leaving Plaintiffs with no adequate remedy at law.

82.     Unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiffs will continue to suffer irreparable harm.

83.     By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants to prevent Defendants from interfering further with Plaintiffs' contractual relationship with Sherman Funeral.

84.     Defendants intentional interference with Plaintiffs' contractual relationship with Sherman Funeral alleged herein was willful, malicious and oppressive, and done with an intent to injure Plaintiffs and with full knowledge of the adverse effects such acts would have on Plaintiffs, or with a conscious disregard of Plaintiffs' rights and willful and deliberate disregard for the substantial economic consequences to Plaintiffs, such as to constitute oppression, fraud, or malice, thus entitling Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and to deter such conduct in the future, the exact amount subject to proof at trial.

## FIFTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

#### (AGAINST ALL DEFENDANTS)

85.    Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 84 as if fully set forth herein.

86.    During all times relevant herein, Plaintiffs held prospective contractual relationships with funeral services customers based on Harry's reputation in the funeral industry and contacts in the community.

87.    During all times relevant herein, Defendants knew and/or were aware that Plaintiffs held prospective contractual relationships funeral services clients based on Harry's reputation in the funeral industry and contacts in the community.

88.    Defendants wrongfully sent correspondence dated October 2, 2007 to Plaintiffs and Sherman Funeral and correspondence dated October 16, 2007 to Sherman Funeral knowingly making unfounded, false and/or misleading claims to the Mark and threatening unwarranted litigation if Plaintiffs or Sherman Funeral continued to conduct funeral services in connection with Nieberg Funeral and/or the Mark.

89.    Defendants intended to harm Plaintiffs by wrongfully preventing Plaintiffs from contracting with funeral service customers.

90.    As a direct and proximate result of this interference by Defendants, Sherman Funeral has refused to conduct funeral services attributable to Plaintiffs at Sherman Funeral's facilities and Plaintiffs are, therefore, not able to enter into contracts with funeral services customers.

91.    Defendants are without privilege to justify Defendants' wrongful interference with Plaintiffs' prospective economic advantage with respect to funeral services customers.

92.    As a direct and proximate result of this interference by Defendants, Plaintiffs have suffered substantial injury to Plaintiffs' business operations, goodwill, revenue and profits.

93.     As a direct and proximate result of Defendants' acts, Plaintiffs have been and will continue to be damaged in an amount not yet fully ascertained, but which will be subject to proof at trial.

94.     The acts of Defendants as alleged herein and the ongoing direct results of those acts have caused and will continue to cause great and irreparable injury to Plaintiffs in an amount that cannot be ascertained, leaving Plaintiffs with no adequate remedy at law.

95.     Unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiffs will continue to suffer irreparable harm.

96.     By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants to prevent Defendants from interfering further with Plaintiffs' business relationships with Plaintiffs' funeral services customers.

97.     Defendants intentional interference with Plaintiffs' prospective economic relationship with funeral services clients alleged herein was willful, malicious and oppressive, and done with an intent to injure Plaintiffs and with full knowledge of the adverse effects such acts would have on Plaintiffs, or with a conscious disregard of Plaintiffs' rights and willful and deliberate disregard for the substantial economic consequences to Plaintiffs, such as to constitute oppression, fraud, or malice, thus entitling Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and to deter such conduct in the future, the exact amount subject to proof at trial.

## SIXTH CLAIM FOR RELIEF

### DECLARATORY RELIEF

### (AGAINST MIDWOOD CHAPEL)

98.     Plaintiffs reallege and incorporate by reference every allegation set forth in Paragraphs 1 through 97 as if fully set forth herein.

99.     There exists between Plaintiffs and Midwood Chapel a justiciable controversy regarding the ownership rights to the Mark; thus, Plaintiffs hereby request that this Court exercise its

jurisdiction under 28 U.S.C. §§ 2201 *et seq.* and 15 U.S.C. §1051 *et seq.* to adjudicate and declare Midwood Chapel's and Plaintiffs' respective rights.

100.    Midwood Chapel's unfounded claim of ownership and attempt to federally register the service mark HARRY NIEBERG & SONS in the USPTO Application wrongfully interferes with Nieberg Funeral's right to lawfully use the Mark, based on Plaintiffs' prior use.

101.    This Court is vested with jurisdiction under 28 U.S.C. §§ 2201 *et seq.* and 15 U.S.C. §1051 *et seq.* to determine the respective rights of Midwood Chapel and Plaintiffs to the Mark.

102.    Plaintiffs and Midwood Chapel are parties with adverse interests.

103.    The issues in this action are ripe for judicial review.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows as to Plaintiffs' Claims for Relief:

1.    That Defendants shall be preliminarily and thereafter permanently enjoined and restrained from claiming any ownership rights to the Mark;

2.    That Defendants shall be preliminarily and thereafter permanently enjoined and restrained from seeking registration of the service mark HARRY NIEBERG & SONS;

3.    That based on Harry Nieberg's prior use, Plaintiffs be allowed ownership of and use of the Mark;

4.    That Defendants' use of HARRY NIEBERG & SONS constitutes service mark infringement and false designation of origin;

5.    That Defendants, Defendants' servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with Defendants shall be preliminarily and thereafter permanently enjoined and restrained from:

i.  Misrepresenting in any way the source of origin or the nature or quality of Defendants' services; and

ii.  Advertising and/or otherwise marketing or disposing of Defendants' services under the name HARRY NIEBERG and/or any similar variation thereof;

6.  That Defendants shall be required to destroy and dispose of all of Defendants' materials bearing the Mark and/or any similar variation thereof, including without limitation, advertising materials, promotional materials, drawings, brochures, catalogs, stationery, business forms, business cards, labels, signs and stickers;

7.  That Defendants shall be required to file with this Court and serve upon Plaintiffs, within 30 days of being served with this Court's injunction issued in this action, a written report signed by Defendants under oath, setting forth in detail the manner in which Defendants complied with the Court's injunction;

8.  That Defendants shall be preliminarily and thereafter permanently enjoined from further conduct that infringes the Mark;

9.  That Defendants be enjoined from further interference with Plaintiffs' existing business relationships;

10.  That Defendants be enjoined from further interference with Plaintiffs' prospective business relationships;

11.  That Plaintiffs recover the damages sustained as a result of the Defendants' actions as alleged herein pursuant to New York law;

12.  That Plaintiffs be awarded punitive and exemplary damages under applicable law for the Defendants' unlawful willful and intentional acts as alleged herein;

13.  That Plaintiffs recover the costs of this action;

14.  That Plaintiffs recover Plaintiffs' attorneys' fees; and

15.  That Plaintiffs be granted such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial pursuant to Fed.R.Civ.P. 38.

Dated this 16th day of January, 2008.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____

Joseph F. Uvino, Esq.
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-13001
*Attorneys for Plaintiffs Harry Nieberg and*
*Harry Nieberg Funeral Home Inc.*

TO:

Nieberg Midwood Chapel, Inc.
1625 Coney Island Avenue
Brooklyn, New York 11230

Midwood Memorial Chapel Inc.
1625 Coney Island Avenue
Brooklyn, New York 11230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HARRY NIEBERG, an individual, and HARRY          Case No.:  08 CV 0392 (MGC)
NIEBERG FUNERAL HOME INC., a New York
corporation,

         Plaintiffs,

   -v-                                     **PLAINTIFFS' ANSWER TO**
                                             **DEFENDANTS'**
NIEBERG MIDWOOD CHAPEL INC., a New York     **COUNTERCLAIM AGAINST**
corporation, MIDWOOD MEMORIAL CHAPEL, INC., a   **PLAINTIFFS**
New York corporation,

         Defendants.

NIEBERG MIDWOOD CHAPEL INC., and MIDWOOD
MEMORIAL CHAPEL INC., New York corporations,

         Defendants and Counterclaim Plaintiffs,
   -v-

HARRY NIEBERG, and HARRY NIEBERG FUNERAL
HOME INC.,
         Counterclaim Defendants, and

SHERMAN FUNERAL HOME, INC.,

         Additional Counter-Claim Defendant.
----------------------------------------------------------------X

      Counterclaim Defendants, HARRY NIEBERG, individually, and HARRY NIEBERG

FUNERAL HOME INC., by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, as

and for their Answer to Defendants' Counterclaim Against Plaintiffs herein, allege upon information

and belief as follows:

### AS AND FOR A COUNTERCLAIM
### AGAINST HARRY NIEBERG, HARRY NIEBERG
### FUNERAL HOME INC. and SHERMAN FUNERAL HOME
### INC. UNDER THE LANHAM ACT 15 USC §1051 ET. SEQ.

   35.     Plaintiffs admit the allegations contained in paragraph "35" of the Counterclaim.

36.     Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "36" of the Counterclaim, as to who organized HARRY NIEBERG & SONS, INC., or if HARRY NIEBERG & SONS, INC. is the predecessor of Defendants and, therefore, deny same.  Plaintiffs admit the remaining allegations contained in paragraph "36" of the Counterclaim.

37.     Plaintiffs deny the allegations contained in paragraph "37" of the Counterclaim.

38.     Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "38" of the Counterclaim, and, therefore, deny same.

39.     Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "39" of the Counterclaim, and, therefore, deny same.

40.     Plaintiffs deny the allegations contained in paragraph "40" of the Counterclaim.

41.     Plaintiffs deny the allegations contained in Paragraph "41" of the Counterclaim.

42.     Plaintiffs deny the allegations contained in Paragraph "42" of the Counterclaim.

43.     Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegations contained in Paragraph "43" of the Counterclaim, and, therefore, deny same.

### FIRST CAUSE OF ACTION OF COUNTERCLAIM

### INFRINGEMENT OF TRADE NAME AND UNFAIR COMPETITION AGAINST ALL COUNTERCLAIM DEFENDANTS UNDER LANHAM ACT

44.     Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "43" of the Counterclaim with the same force and effect as set forth herein at length.

45.     Plaintiffs admit the allegations contained in paragraph "45" of the Counterclaim.

46.    Plaintiffs admit the allegations contained in paragraph "46" of the Counterclaim that a dispute arose and that proceedings were instituted. Plaintiffs deny the remaining allegations contained in paragraph "46" of the Counterclaim.

47.    Plaintiffs admit that Harry received in excess of $2,000,000 for his one-third (1/3) interest in the defendant corporations and that Harry received $271,000 from the Pension Fund when it was liquidated. Plaintiffs deny the remaining allegations contained in paragraph "47" of the Counterclaim.

48.    Plaintiffs deny the allegations contained in paragraph "48" of the Counterclaim.

49.    Plaintiffs admit the allegations contained in paragraph "49" of the Counterclaim that an action was filed in the Supreme Court, Kings County and that copies of correspondence sent to Harry are attached as Exhibit C. Plaintiffs are currently without sufficient information or knowledge as to the truth or falsity of the allegation contained in Paragraph "49" of the Counterclaim, that copies of notices sent to Sherman Funeral Home are attached as Exhibit C and, therefore, deny same. Plaintiffs deny the remaining allegations contained in paragraph "49."

50.    Plaintiffs deny the allegations contained in paragraph "50" of the Counterclaim.

51.    Plaintiffs deny the allegations contained in paragraph "51" of the Counterclaim.

## SECOND CAUSE OF ACTION

### VIOLATION OF NEW YORK LAW AND UNFAIR COMPETITION AGAINST PLAINTIFFS AND ADDITIONAL COUNTERCLAIM DEFENDANT SHERMAN

52.    Repeat and re-allege each and every response to allegations contained in paragraphs "35" through "51" of the Counterclaim with the same force and effect as set forth herein at length.

53.    Plaintiffs deny the allegations contained in paragraph "53" of the Counterclaim.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT AGAINST COMPETITION
## AND/OR USE OF THE NAME "HARRY NIEBERG" OR "NIEBERG"

54.    Repeat and re-allege each and every response to allegations contained in paragraphs

"35" through "53" of the Counterclaim with the same force and effect as set forth herein at length.

55.    Plaintiffs deny the allegations contained in paragraph "55" of the Counterclaim.

56.    Plaintiffs deny the allegations contained in paragraph "56" of the Counterclaim.

## FOURTH CAUSE OF ACTION

## ACTION FOR DAMAGES

57.    Repeat and re-allege each and every response to allegations contained in paragraphs

"35" through "56" of the Counterclaim with the same force and effect as set forth herein at length.

58.    Plaintiffs deny the allegations contained in paragraph "58" of the Counterclaim.

## FIFTH CAUSE OF ACTION

## ACTION FOR UNFAIR COMPETITION

59.    Repeat and re-allege each and every response to allegations contained in paragraphs

"35" through "58" of the Counterclaim with the same force and effect as set forth herein at length.

60.    Plaintiffs deny the allegations contained in paragraph "60" of the Counterclaim.

61.    Plaintiffs deny the allegations contained in paragraph "61" of the Counterclaim.

62.    Plaintiffs deny the allegations contained in paragraph "62" of the Counterclaim.

63.    Deny the allegations contained in paragraph "63" of the Counterclaim.

64.    Deny the allegations contained in paragraph "64" of the Counterclaim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a cause of action against these answering Counterclaim

Defendants.

4832-7559-3474.1                                    4

### SECOND AFFIRMATIVE DEFENSE

Counterclaim Defendants' alleged acts and/or omissions are not the proximate cause of the Defendants and Counterclaim Plaintiffs' alleged damages and/or injuries.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaim Defendants allege that the Counterclaim and each cause of action therein, is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Counterclaim, Counterclaim Defendants violated no legal duty owing by Counterclaim Defendants to the Defendants and Counterclaim Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to name a necessary party or parties.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants and Counterclaim Plaintiffs have released and discharged Counterclaim Defendants from any liability by virtue of Defendants and Counterclaim Plaintiffs' own acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

Counterclaim Defendants presently have insufficient knowledge or information on which to form a belief as to whether Counterclaim Defendants may have additional, as yet unstated, defenses

available. Defendants reserve the right to assert additional defenses in the event discovery indicates such additional defenses would be appropriate.

WHEREFORE, Counterclaim Defendants pray for judgment as follows:

(a)     That Defendants and Counterclaim Plaintiffs take nothing by way of their Counterclaim and that each cause of action against Counterclaim Defendants be dismissed;

(b)     For attorney's fees, costs and disbursements;

(c)     For costs of suit incurred herein; and

(d)     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 18, 2008

                                LEWIS BRISBOIS BISGAARD & SMITH, LLP

                        By:     _____
                                Joseph Uvino, Esq. (JU 9152)
                                LEWIS BRISBOIS BISGAARD & SMITH, LLP
                                *Attorneys for Defendants*
                                HARRY NIEBERG, individually, and
                                HARRY NIEBERG FUNERAL HOME, INC.
                                199 Water Street, 25th Floor
                                New York, New York 10038
                                (212) 232-1300

TO:     Ronald J. Offenkrantz, Esq.
        LICHTER GLIEDMAN OFFENKRANTZ PC
        *Attorneys for Defendants and Counterclaim Plaintiffs*
        551 Fifth Avenue
        New York, New York 10176
        (212) 867-7750

        Michael H. Smith, Esq.
        ROSENBERG FELDMAN SMITH, LLP
        *Attorneys for Defendants and Counterclaim Plaintiffs (Trial Counsel)*
        551 Fifth Avenue
        New York, New York 10176
        (212) 682-3454

## Answers to Complaints
1:08-cv-00392-MGC Nieberg et al v. Nieberg Midwood Chapel Inc. et al
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

#### Notice of Electronic Filing

The following transaction was entered by Doody, John on 3/18/2008 at 12:33 PM EDT and filed on 3/18/2008

**Case Name:**      Nieberg et al v. Nieberg Midwood Chapel Inc. et al
**Case Number:**   1:08-cv-392
**Filer:**             Harry Nieberg Funeral Home Inc.
**Document Number:** 10

**Docket Text:**
**ANSWER to Complaint. Document filed by Harry Nieberg Funeral Home Inc..(Doody, John)**

**1:08-cv-392 Notice has been electronically mailed to:**

John J. Doody     doody@lbbslaw.com

**1:08-cv-392 Notice has been delivered by other means to:**

Joseph Frank Uvino
Lewis Bisbois Bisguard & Smith LLP
199 Water Street
25th Floor
New York, NY 10038

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/18/2008] [FileNumber=4384464-0
] [292bd2bd33d4c84c8394ec0c1bb38eed8493ea778b442e2d71c8d4174cb90756063
5cf7be42eb3cc0c0f21bfe7f8b640006ec3474e23f3e4c2d53bdfad64ef26]]

**EXHIBIT B**

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,262,041
Registered Dec. 20, 1983

### SERVICE MARK
**Principal Register**

# I. J. MORRIS

I. J. Morris Inc. (New York corporation)
1895 Flatbush Ave.
Brooklyn, N.Y. 10004

For: FUNERAL AND BURIAL SERVICES, in CLASS 42 (U.S. Cl. 100).

First use 1929; in commerce 1929.

The name "I. J. Morris" refers to an individual now deceased.

Sec. 2(f).

Ser. No. 386,437, filed Sep. 20, 1982.

STEVEN R. FOSTER, Examining Attorney

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 28 04:10:56 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | I. J. MORRIS |
| **Goods and Services** | IC 042. US 100. G & S: Funeral and Burial Services. FIRST USE: 19290000. FIRST USE IN COMMERCE: 19290000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73386437 |
| **Filing Date** | September 20, 1982 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 27, 1983 |
| **Registration Number** | 1262041 |
| **Registration Date** | December 20, 1983 |
| **Owner** | (REGISTRANT) I. J. Morris Inc. CORPORATION NEW YORK 1895 Flatbush Ave. Brooklyn NEW YORK 10004 |
| **Attorney of Record** | JONATHAN D. REICHMAN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20040211. |
| **Renewal** | 1ST RENEWAL 20040211 |
| **Other Data** | The name "I. J. Morris" refers to an individual now deceased. Sec. 2(f). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 28 04:10:56 EDT 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump | to record: [        ] **Record 18 out of 75**

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# ROYAL FUNERAL HOME

| | |
|---|---|
| **Word Mark** | ROYAL **FUNERAL HOME** |
| **Goods and Services** | IC 045. US 100 101. G & S: Funeral Home services. FIRST USE: 19491231. FIRST USE IN COMMERCE: 19491231 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77429956 |
| **Filing Date** | March 24, 2008 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Royal Funeral Home, Inc. CORPORATION ALABAMA 4315 Oakwood Avenue Huntsville ALABAMA 35810 |
| **Attorney of Record** | Angela Holt |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 28 04:10:56 EDT 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [        ] OR Jump to record: [        ]   **Record 6 out of 75**

TARR Status | ASSIGN Status | TDR | TTAB Status   ( Use the "Back" button of the Internet Browser to return to TESS)

# SOUTH PLAINFIELD FUNERAL HOME

| | |
|---|---|
| **Word Mark** | SOUTH PLAINFIELD **FUNERAL HOME** |
| **Goods and Services** | IC 045. US 100 101. G & S: Mortuary Services. FIRST USE: 20041014. FIRST USE IN COMMERCE: 20041014 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78514709 |
| **Filing Date** | November 10, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Supplemental Register Date** | June 15, 2005 |
| **Registration Number** | 2986707 |
| **Registration Date** | August 16, 2005 |
| **Owner** | (REGISTRANT) South Plainfield Funeral Home, LLC LIMITED LIABILITY CORPORATION NEW JERSEY 18 Stelton Road Piscataway NEW JERSEY 08854 |
| **Attorney of Record** | William J. McNichol, Jr., Esquire |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FUNERAL HOME" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | SUPPLEMENTAL |
| **Live/Dead Indicator** | LIVE |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 28 04:10:56 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [          ] OR Jump to record: [          ] **Record 2 out of 75**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# RHODES FUNERAL HOMES

| Word Mark | RHODES FUNERAL HOMES |
| --- | --- |
| Goods and Services | IC 045. US 100 101. G & S: Funeral homes. FIRST USE: 19480213. FIRST USE IN COMMERCE: 19480213 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 78814120 |
| Filing Date | February 14, 2006 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | October 31, 2006 |
| Registration Number | 3198532 |
| Registration Date | January 16, 2007 |
| Owner | (REGISTRANT) Rhodes United Fidelity Funeral Home, Inc. CORPORATION LOUISIANA 3933 Washington Ave. New Orleans LOUISIANA 70125 |
| Attorney of Record | Keith Duet |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FUNERAL HOMES" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL-2(F) |
| Live/Dead Indicator | LIVE |

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Friday, October 19, 2007 00:09 AM |
| **To:** | gnieberg@gmail.com |
| **Subject:** | Notice of Pseudo Mark for Serial Number: 77303484 |
| **ATTORNEY REFERENCE NUMBER:** | 001-001 |

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

You are not required to respond to this notice. However, if you would like to suggest additions or changes to the pseudo mark assigned to your mark, please send an email to TMDesignCodeComments@USPTO.GOV or call 1-800-786-9199 to speak to a Customer Service representative. No fee is necessary. (Please include the serial number of your application on ALL correspondence with the USPTO.) The USPTO will review your request and update the record if appropriate.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

HARRY NIEBERG AND SONS



| FIRST USE ANYWHERE DATE | At least as early as 01/01/1965 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1965 |
| *DESCRIPTION | Funeral arrangement services |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1965 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1965 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT14\773\034 \77303484\xml1\FTK0003.JPG |
| SPECIMEN DESCRIPTION | Digital photograph of mark displayed on company's property and principle place of business. |
| *DESCRIPTION | Funeral homes |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1965 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1965 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT14\773\034 \77303484\xml1\FTK0003.JPG |
| SPECIMEN DESCRIPTION | Digital photograph of mark displayed on company's property and principle place of business. |
| *DESCRIPTION | Funeral service undertaking |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1965 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1965 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT14\773\034 \77303484\xml1\FTK0003.JPG |
| SPECIMEN DESCRIPTION | Digital photograph of mark displayed on company's property and principle place of business. |
| **ATTORNEY INFORMATION** | |
| NAME | Gregory Nieberg |
| ATTORNEY DOCKET NUMBER | 001-001 |
| STREET | 2313 E69th St. |
| CITY | Brooklyn |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 11234 |
| PHONE | 609-933-1911 |

Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
**For specific filing basis information for each item, you must view the display within the Input Table.**

International Class 045: Funeral arrangement services; Funeral homes; Funeral service undertaking

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S. C. Section 1126(e), as amended.

The applicant hereby appoints Gregory Nieberg, 2313 E69th St., Brooklyn, New York, United States, 11234 to submit this application on behalf of the applicant. The attorney docket/reference number is 001-001.

Correspondence Information:                Gregory Nieberg
                                           2313 E69th St.
                                           Brooklyn, New York 11234
                                           609-933-1911(phone)
                                           gnieberg@gmail.com (authorized)

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Gregory Nieberg/   Date Signed: 10/13/2007
Signatory's Name: Gregory Nieberg
Signatory's Position: Agent
RAM Sale Number: 3917
RAM Accounting Date: 10/15/2007
Serial Number: 77303484
Internet Transmission Date: Sat Oct 13 12:40:06 EDT 2007
TEAS Stamp: USPTO/FTK-24.185.10.139-2007101312400664
0008-77303484-400cb618ffb241a0f02f18fc69
6fb05f70-CC-3917-20071013122538376063



 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 28 04:10:56 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [        ]  OR  Jump to record: [        ]  **Record 149 out of 537**

---

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# Harry Nieberg & Sons

| | |
|---|---|
| **Word Mark** | HARRY NIEBERG & SONS |
| **Goods and Services** | IC 045. US 100 101. G & S: (Based on Use in Commerce) Funeral arrangement services; **Funeral homes**; Funeral service undertaking. FIRST USE: 19650101. FIRST USE IN COMMERCE: 19650101 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77303484 |
| **Filing Date** | October 13, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Nieberg Midwood Chapel, Inc. CORPORATION NEW YORK 1625 Coney Island Ave. Brooklyn NEW YORK 11230 |
| **Attorney of Record** | Gregory Nieberg |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

**EXHIBIT C**

**Ronald J. Offenkrantz**

| | |
|---|---|
| **From:** | Joseph Uvino [uvino@lbbslaw.com] |
| **Sent:** | Wednesday, April 02, 2008 6:32 PM |
| **To:** | Ronald J. Offenkrantz |
| **Cc:** | Marsha Harris |
| **Subject:** | Re: Harry Nieberg v Nieberg Midwood Chapel Inc |

Ron:  We will get a copy of the Agreement to you.

Marsha:  Can you, please, see that a copy is delivered to Ron.

Joe

-----Original Message-----
From: "Ronald J. Offenkrantz" <RJO@lgofirm.com>
To: Joseph Uvino <uvino@lbbslaw.com>
Creation Date: 4/2 2:33 pm
Subject: Harry Nieberg v Nieberg Midwood Chapel Inc

Joe, for the purposes of opposing your motion for a preliminary injunction  I require a copy of the License Agreement  with  Sherman referred to in your moving papers. Would you oblige by delivery by hand since the opposition is now being prepared. If you decline to do so would you please notify me of that fact by email so that I can make the appropriate submission to the Court. Thank you.


Ronald J. Offenkrantz

Lichter Gliedman Offenkrantz PC

551 Fifth Avenue

24th Floor

New York, NY  10176

Tel:  (212) 867-7750

Fax: (212) 658-9424

E-mail:  rjo@lgofirm.com

1

# AFFIDAVIT OF

# EDWARD WEINSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

HARRY NIEBERG, an individual, and         :     Case No. 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME INC.,
a New York corporation,                   :

                 Plaintiffs,    :

          v.                        :        **AFFIDAVIT**

NIEBERG MIDWOOD CHAPEL INC.,      :
a New York corporation, MIDWOOD
MEMORIAL CHAPEL INC., a New York   :
corporation,                           
                                 :

            Defendants.

------------------------------------------------------------- x

NIEBERG MIDWOOD CHAPEL INC.,      :
and MIDWOOD MEMORIAL CHAPEL    :
INC., New York corporations,
Defendants and Counterclaim Plaintiffs,    :

         v.                        :

HARRY NIEBERG, and HARRY NIEBERG   :
FUNERAL HOME INC.,
Counterclaim Defendants, and          :
SHERMAN FUNERAL HOME INC.,
Additional Counter-Claim Defendant.     :

------------------------------------------------------------- x

STATE OF NEW YORK    )
                   )ss.:
COUNTY OF KINGS      )

        EDWARD WEINSTEIN, being duly sworn, deposes and says:

     1.     I am an officer and director of WEINSTEIN-GARLIC-KIRSCHENBAUM

CHAPELS, which operates in Brooklyn, New York under the name WEINSTEIN-GARLICK-

KIRSCHENBAUM CHAPELS, and have been in the funeral business and serving the Jewish community in Brooklyn, New York for no less than 60 years.

2. I am well acquainted with the NIEBERG family and particularly HARRY, ISAAC and EDWIN NIEBERG and grandchildren, PETER and STANLEY NIEBERG, who now operate the NIEBERG MIDWOOD CHAPEL INC. and use the name HARRY NIEBERG & SONS at 1625 Coney Island Avenue, Brooklyn, New York 11230 located in the Midwood Section of Flatbush, Brooklyn.

3. In view of my long service to the Brooklyn Jewish community, as well as service in the funeral industry generally, including services performed in interstate commerce, I am in the position to inform the Court that the name NIEBERG and NIEBERG MIDWOOD CHAPEL INC. and HARRY NIEBERG & SONS has become synonymous with the NIEBERG family and the rendering of funeral services by the NIEBERG family from its 1625 Coney Island Avenue, Brooklyn, New York 11230 location and, before that, from Ludlow Street in Manhattan. The name NIEBERG has become well known and accepted by those needing funeral services as being conducted by the NIEBERG family over seventy years and now, by PETER and STANLEY NIEBERG.

EDWARD WEINSTEIN

Sworn to before me this

___3___ day of April, 2008.

Notary Public

JERRY S. HABER
NOTARY PUBLIC, State of New Yo
No. 01HA4748448
Qualified in Kings County
Commission Expires Jan. 31,

21141

# AFFIDAVIT OF

# MICHAEL MIRABELLO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

HARRY NIEBERG, an individual, and          :       Case No. 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME INC.,
a New York corporation,                    :

                          Plaintiffs,      :

              v.                           :       **AFFIDAVIT**

NIEBERG MIDWOOD CHAPEL INC.,               :
a New York corporation, MIDWOOD
MEMORIAL CHAPEL INC., a New York           :
corporation,
                                           :
                          Defendants.

------------------------------------------------------------- x

NIEBERG MIDWOOD CHAPEL INC.,               :
and MIDWOOD MEMORIAL CHAPEL               :
INC., New York corporations,
Defendants and Counterclaim Plaintiffs,    :

              v.                           :

HARRY NIEBERG, and HARRY NIEBERG           :
FUNERAL HOME INC.,
Counterclaim Defendants, and               :
SHERMAN FUNERAL HOME INC.,
Additional Counter-Claim Defendant.        :

------------------------------------------------------------- x


STATE OF NEW YORK      )
                       )ss.:
COUNTY OF KINGS        )


MICHAEL MIRABELLO, being duly sworn, deposes and says:

1.    I am an owner and a supervisor of the ASSOCIATED LIVERY RENTAL CORP.

We provide Hearses and Limousines transportation to many Christian, non-sectarian and Jewish

Funeral homes throughout the Tri-State area.

2.    I have and have had intimate knowledge of the funeral industry in the tri-state area and particularly Brooklyn, New York where I have long provided services to the NIERBERG family.    To wit, the original grandfather, HARRY NIEBERG, his sons, and grandsons, PETER and STANLEY, who presently own and operate the funeral home located at 1625 Coney Island Avenue, Brooklyn, New York 11230 located in the Midwood Section of Flatbush, Brooklyn.

3.    I am in the position of attesting to the facts and hereby attest to the fact that the NIEBERG name has been synonymous with funeral services performed by the NIEBERGS from and at the facility at 1625 Coney Island Avenue, Brooklyn, New York 11230 and from no other facility.

4.    The name HARRY NIEBERG & SONS and the name NIEBERG MIDWOOD CHAPEL INC. has appeared on the NIEBERG building located at 1625 Coney Island Avenue, Brooklyn, New York 11230, whose façade faces Coney Island Avenue for at least 37 years, which is at least the amount of time that I have been in the funeral business.

MICHAEL MIRABELLO

Sworn to before me this

___ day of April, 2008.

Notary Public

JERRY S. HABER
NOTARY PUBLIC, State of New York
No. 01HA4748448
Qualified in Kings County
Commission Expires Jan. 31, 20 10

21138

# AFFIDAVIT OF

# RABBI MELVIN BURG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

HARRY NIEBERG, an individual, and             :        Case No. 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME INC.,
a New York corporation,                        :

                                 Plaintiffs,    :

               v.                                  :        **AFFIDAVIT**

NIEBERG MIDWOOD CHAPEL INC.,                    :
a New York corporation, MIDWOOD
MEMORIAL CHAPEL INC., a New York               :
corporation,
                                       :

                      Defendants.

-------------------------------------------------------------- x

NIEBERG MIDWOOD CHAPEL INC.,                    :
and MIDWOOD MEMORIAL CHAPEL                     :
INC., New York corporations,
Defendants and Counterclaim Plaintiffs,        :

               v.                                  :

HARRY NIEBERG, and HARRY NIEBERG               :
FUNERAL HOME INC.,
Counterclaim Defendants, and                   :
SHERMAN FUNERAL HOME INC.,
Additional Counter-Claim Defendant.            :

-------------------------------------------------------------- x

STATE OF NEW YORK        )
                  )ss.:
COUNTY OF KINGS          )

      RABBI MELVIN BURG being duly sworn, deposes and says:

      1.     I am an ordained Rabbi serving the Jewish community in Midwood, Flatbush,

Brooklyn since 1977.

2.    I currently serve as the executor vice president of the Rabbinical Board of Flatbush, a body of Rabbis entrusted by the community with all jewish religios needs.

3.    I have known the members of the NIEBERG family going back to ISAAC and EDWIN NIEBERG and later PETER and STANLEY NIEBERG and I know and have used the services of the NIEBERGS at the NIEBERG MIDWOOD CHAPEL INC., which they own and operate at 1625 Coney Island Avenue, Brooklyn, New York 11230 located in the Midwood Section of Flatbush, Brooklyn.

4.    I know from my personal knowledge and experience that the names NIEBERG and HARRY NIEBERG & SONS have been used by the NIEBERGS in their business, in the burial arrangements made by them not only in New York, but in other states and I am in the position to attest that the NIEBERG name has become synonymous with the performance of caring and professional funeral services conducted by the NIEBERGS from and at their Coney Island Avenue, Brooklyn, New York facility.

5.    From the original HARRY NIEBERG, through his children, and now to grandchildren, PETER and STANLEY, there has been only one NIEBERG tradition and use of the name NIEBERG servicing the Jewish community in the tri-state area, particularly in Brooklyn, New York.

Sworn to before me this

___I___ day of April, 2008.

Notary Public

JERRY S. HABER
NOTARY PUBLIC, State of New York
No. 01HA4746448
Qualified in Kings County
Commission Expires Jan. 31, 2 0 0

21143

# AFFIDAVIT OF

# RICHARD ADLMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

HARRY NIEBERG, an individual, and      :       Case No. 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME INC.,
a New York corporation,      :

                   Plaintiffs,   :

         v.                  :            **AFFIDAVIT**

NIEBERG MIDWOOD CHAPEL INC.,      :
a New York corporation, MIDWOOD
MEMORIAL CHAPEL INC., a New York      :
corporation,
     :
                 Defendants.

-------------------------------------------------------------- x

NIEBERG MIDWOOD CHAPEL INC.,      :
and MIDWOOD MEMORIAL CHAPEL      :
INC., New York corporations,
Defendants and Counterclaim Plaintiffs,      :

         v.                  :

HARRY NIEBERG, and HARRY NIEBERG      :
FUNERAL HOME INC.,
Counterclaim Defendants, and      :
SHERMAN FUNERAL HOME INC.,
Additional Counter-Claim Defendant.      :

-------------------------------------------------------------- x

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF KINGS      )

        RICHARD ADLMAN, being duly sworn, deposes and says:

        1.       I am an officer and director of MATTEWS CASKET DIVISION, a supplier of

caskets to virtually all funeral homes in the New York metropolitan area, including SINAI

CHAPELS in Queens, NY., NIEBERG MIDWOOD CHAPEL, INC. and WEINSTEIN-

GARLIC-KIRSCHENBAUM CHAPEL funeral homes in Brooklyn, New York.

2.     I have and have had intimate knowledge of the funeral industry in the tri-state area and particularly Brooklyn, New York where I have long provided services to the NIERBERG family.   To wit, the original grandfather, HARRY NIEBERG, his sons, and grandsons, PETER and STANLEY, who presently own and operate the funeral home located at 1625 Coney Island Avenue, Brooklyn, New York 11230 located in the Midwood Section of Flatbush, Brooklyn.

3.     I am in the position of attesting to the facts and hereby attest to the fact that the NIEBERG name has been synonymous with funeral services performed by the NIEBERGS from and at the facility at 1625 Coney Island Avenue, Brooklyn, New York 11230 and from no other facility.

4.     I have never supplied caskets to HARRY NIEBERG FUNERAL HOME or the grandson, HARRY NIEBERG.

5.     The name HARRY NIEBERG & SONS and the name NIEBERG MIDWOOD CHAPEL INC. has appeared on the NIEBERG building located at 1625 Coney Island Avenue, Brooklyn, New York 11230, whose façade faces Coney Island Avenue for at least 30 years, which is at least the amount of time that I have been in the funeral business.

RICHARD ADLMAN

Sworn to before me this

___3___ day of April, 2008.

Notary Public

JERRY S. HABER
NOTARY PUBLIC, State of New York
No. 01HA4748448
Qualified in Kings County
Commission Expires Jan. 31, 20 12

21138

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                           )ss.:
COUNTY OF NEW YORK  )

     **RONA INGEGNERI**, being duly sworn, deposes and says:

     I am not a party to the action, am over 18 years of age and reside at 333 East 55th Street, New York, New York 10022.

     On April 10, 2008, I served a true copy of Affidavits in Opposition to Motion For Preliminary Injunction upon Joseph Uvino, Esq., Lewis Brisbois Bisgaard & Smith LLP, the attorneys for plaintiffs, at 199 Water Street, 25th Floor, New York, New York 10038, by depositing a true copy thereof enclosed in a wrapper properly addressed in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

                                         RONA INGEGNERI

Sworn to before me this
10th day of April, 2008.

              Notary Public

**RONALD J. OFFENKRANTZ**
NOTARY PUBLIC-STATE OF NEW YORK
No.02OF2944740
Qualified in New York County
My Commission Expires October 31, 2009

21200