UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY NIEBERG, an individual, and HARRY NIEBERG FUNERAL HOME INC., a New York corporation,<br><br>               Plaintiffs,<br><br>     v.<br><br>NIEBERG MIDWOOD CHAPEL INC., a New York Corporation; MIDWOOD MEMORIAL CHAPEL INC., a New York corporation,<br><br>               Defendants. | Case No. : 08 CV 00392<br><br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' THIRD AND FOURTH CAUSES OF ACTION**<br><br><br>**(ELECTRONICALLY FILED)** |
| NIEBERG MIDWOOD CHAPEL INC., a New York Corporation; MIDWOOD MEMORIAL CHAPEL INC., a New York corporation,<br><br>               Counterclaim Plaintiffs,<br>     v.<br><br>HARRY NIEBERG, an individual, and HARRY NIEBERG FUNERAL HOME INC., a New York corporation,<br><br>               Counterclaim Defendants, and<br><br>SHERMAN FUNERAL HOME INC., a New York corporation,<br><br>               Additional Counterclaim Defendants. | |

      Plaintiffs, HARRY NIEBERG ("Harry"), and HARRY NIEBERG FUNERAL HOME

INC. ("Nieberg Funeral"), by and through their attorneys of the law firm of Lewis Brisbois

Bisgaard & Smith LLP, hereby submits this Reply to Defendants' Opposition to Plaintiffs'

Motion to Dismiss.  This Reply is supported by the attached Memorandum of Points and

Authorities and attached exhibits, the pleadings and all papers and materials filed in this matter,

and any oral argument that may be presented at the hearing on this matter and any other matter of which the Court may take notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. __INTRODUCTION__

This Court should not be persuaded by Defendants' attempt to redraft Defendants' counterclaims to avoid dismissal. Defendants cannot be successful on their claim of breach of implied covenant against competition (or good will) because there is a Stipulation of Settlement and Order (the "Stipulation") in place that allows Harry to compete. Furthermore, Defendants' Opposition to Plaintiffs' Motion to Dismiss Third and Fourth Counterclaims (the "Opposition") does nothing to oppose dismissal because: (1) Defendants fail to address why Defendants' actual claim for "***breach of implied covenant against competition***" should not be dismissed[1]; and (2) Defendants admit that Defendants' fourth counterclaim, a separate and distinct "Action for Damages" claim, is predicated on Defendants' first, second and third counterclaims and, therefore, such counterclaim is not cognizable as a separate and distinct claim. As such, Plaintiffs' Motion to Dismiss Defendants' Third and Fourth Counterclaims ("Motion") should be granted in its entirety.

Defendants third counterclaim should be dismissed as requested in Plaintiffs' Motion because the bargained for exchange makes clear that Harry could use his own name in competition. This is demonstrated by the Stipulation and the correspondence regarding the bargaining of the Stipulation, both of which are allowable as evidentiary as Defendants reference the Stipulation and the "bargained for" negotiation that gave rise to the Stipulation in Defendants' counterclaim. Thus, Harry could not be in breach of any implied covenant against

---

[1] Defendants argument that Plaintiff Harry Nieberg had an implied covenant not to impair the good will of defendants completely misses the point because Defendants asserted a *breach of implied covenant against competition* claim against Plaintiffs and it is this breach of implied covenant against competition claim that Plaintiffs seek to dismiss.

competition.  Furthermore, Defendants have failed to oppose Plaintiff's Motion in this respect.

In Plaintiffs' Motion, Plaintiffs seek to dismiss Defendants' Third Counterclaim for "***breach of***

***implied covenant against competition.***"  Instead of addressing why this particular claim should

not be dismissed, Defendants argued that Harry had an "implied covenant not to impair the 'good

will' of Defendants."  Defendants did not plead that Plaintiffs breached an implied covenant not

to impair the good will of Defendants; Defendants claimed a "breach of implied covenant against

competition.  Defendants should not be allowed to redraft/amend Defendants' claims in the form

of this Opposition.  Because Defendants have failed to oppose Plaintiffs' Motion, instead raising

a new cause of action, Plaintiffs' request to dismiss Defendants' third counterclaim must be

granted.

Moreover, even if alleging facts of breach of implied covenant of impairment of good

will is synonymous with a breach of implied covenant against competition, which it is not, this

claim must fail as well.  Nowhere in the Stipulation does Harry purport to sell his good will.

Further, the Stipulation as bargained for allows for Harry to use his own name in competition

with Defendants.   Additionally, a claim of breach of implied covenant of impairment of good

will must fail because Harry has not deliberately solicited any of Defendants' customer as is

required under the case law.  As such, Defendants' third cause of action, whether a for breach of

implied covenant against competition or for breach of implied covenant against impairment of

good will must be dismissed.

Furthermore, Defendants' fourth counterclaim should be dismissed as  separate and

distinct cause of action.  Defendants admit that Defendants' fourth counterclaim, an "Action for

Damages" claim, is predicated on Defendants' first, second and third counterclaims.  Therefore,

Defendants' fourth counterclaim is not cognizable as a separate and distinct counterclaim.

Pursuant to the above, dismissal of Defendants' third and fourth counterclaims is appropriate and

Plaintiffs' Motion should be granted.

## II. FACTS

Defendants misstate that Plaintiffs have admitted the facts as asserted by Defendants (*See* Opposition at 3); however, Plaintiffs have not admitted any of Defendants' factual assertions. A quick perusal of Plaintiffs' Answer (Document No. 10) indicates that Plaintiffs do not admit the facts as asserted by Defendants. As Plaintiffs' Motion makes crystal clear, *it is this Court, not Plaintiffs*, that must accept Defendants' allegations at face value and construe the allegations in the complaint in Defendants' favor. *See* Motion at 5. Furthermore, as Plaintiffs' Motion also makes clear, the Court must only construe the ***allegations in the complaint*** in Defendants' favor, not the allegation as asserted by Defendants in Defendants' opposition.

Plaintiffs do not admit that ***Defendants*** have used HARRY NIEBERG (the "Mark") as a service mark for the last seventy years. Plaintiffs further do not admit that none of the good will associated with the Nieberg name is ascribable to Harry or that Harry had no active involvement in the Defendants' business operation for ten years prior to 2006. Harry further does not admit that at the time of dissolution HARRY NIEBERG & SONS was prominently emblazoned on Defendants' facility or that HARRY NIEBERG & SONS was used by Defendants as a service mark. Harry also does not admit that Defendants used HARRY NIEBERG & SONS in the day to day conduct of the Defendants' Business. Harry also does not admit that Harry's conduct created actual confusion directed to Defendants' clients or that Harry is incapable of licensing HARRY NIEBERG to Sherman Funeral Home Inc. ("Sherman"). Lastly, Harry does not admit that Defendants have been damaged in any way by the acts of Plaintiffs or that Defendants have acquired secondary meaning in NIEBERG and HARRY NIEBERG & SONS.

The facts are further clear that Defendants reference and rely on both a resolution that was reached with regards to dissolution of Defendants and that this resolution was bargained for. *See* Defendants' Counterclaim at Paragraph 55 referencing the "bargained for resolution". The Stipulation is the resolution referenced. *See* Stipulation attached to Plaintiffs' Motion as Exhibit 1. The e-mail correspondence attached to Plaintiffs' Motion, wherein Harry refuses to give up his name in the funeral business, is the referenced bargaining that took place before the

Stipulation was finalized. *See* e-mail correspondence from Scott Mandelup to Ronald J.

Offenkrantz dated April 6, 2006 attached to Plaintiff Motion as Exhibit 2.

## III. <u>ARGUMENT</u>

### A.    The Stipulation As Bargained For Makes Clear that Harry Is Entitled to Use His Name In the Funeral Industry.

The Stipulation as bargained for demonstrates that Harry is entitled to use his name in the

funeral business. Harry and Defendants negotiated and entered into the Stipulation which

resolved a dissolution dispute between Harry and Defendants without requiring the dissolution of

Midwood Chapel and Midwood Memorial. *See* Defendants' Counterclaim at Paragraph 55

referencing the "bargained for resolution." The Stipulation does not contain any restrictive

covenant against competition. *See* Stipulation. Also, the Stipulation does not contain any

provision which in any manner prohibits Harry from soliciting, engaging, contacting, and/or

communicating in any manner with clients or customers of Defendants whether those clients or

customers pre-existed the Stipulation or not. *See* Stipulation. As such, the Stipulation entered

into by Harry and Defendants does not preclude Harry from using his name in the funeral

business in any manner.

Further, that Harry is not precluded from using his name in the funeral industry is

solidified by the bargaining of the parties before the Stipulation was executed. Correspondence

date April 6, 2006 states emphatically that "[a]bsent the duration of an agreed upon and

compensated restrictive covenant, ***Harry has no intention of giving up the right to use his name***

***in the funeral home business***, or otherwise." *See* e-mail correspondence from Scott Mandelup

to Ronald J. Offenkrantz dated April 6, 2006 (the "Bargaining Correspondence") attached as

Exhibit 2 (emphasis supplied). The Stipulation has been the only agreement and it does not

contain such a restrictive covenant. Also, Defendants never provided compensation for such

restrictive covenant. Therefore, the bargaining between Harry and Defendants that lead to the

execution of the Stipulation makes clear that Harry was entitled to use his name in the funeral

industry. As such, Defendants breach of implied covenant against competition must be dismissed.

**B.     This Court Should Examine the Stipulation and the Bargaining Correspondence Because Both Were Referenced and Relied Upon in Defendants' Counterclaim.**

It was proper that Plaintiffs discussed and attached the Stipulation and the Bargaining Correspondence to Plaintiffs' Motion because both were referenced and solely relied upon in Defendants' Counterclaim. As Plaintiffs' Motion makes clear, a complaint/counterclaim "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (citations omitted). In *I. Meyer Pincus and Assoc. v. Oppenheimer & Co., Inc.*, 936 F.2d 759 (2d Cir. 1991), the Second Circuit examined a certain document together with the allegations contained in the complaint, "despite [the plaintiff's] failure to submit the [document] as an exhibit to the complaint, and despite the fact that the complaint contain[ed] only 'limited quotation' from that document." *I. Meyer Pincus and Assoc.*, 936 F.2d at 762. The Second Circuit held that the document was integral to the complaint because the claims pleaded were "based *only* on an alleged written misrepresentation appearing within the [document] . . ." *Id.* A plaintiff cannot "evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the [document] to the complaint or to incorporate it by reference." *Id.* The Second Circuit noted, "When 'plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.'" *Id.* Similarly in *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991), the Second Circuit upheld the District Court's consideration of the documents neither attached to the complaint nor incorporated by reference when the documents were the ones "plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit." *Cortec Indus.*, 949 F.2d at 48. Noting the significance of plaintiff's

notice of the documents, the Second Circuit concluded, "Where plaintiff has actual notice of all

the information in the movant's papers and has relied upon these documents in framing the

complaint[,] the necessity of translating a *Rule 12(b)(6)* motion into one under *Rule 56* is largely

dissipated." *Id.* As in *I. Meyer Pincus and Assoc.* and *Cortec Indus.*, the Stipulation and the

Bargaining Correspondence deserve consideration by this Court for Plaintiffs' Motion.

The Stipulation and the Bargaining Correspondence are integral to Defendants'

Counterclaim because the Third Cause of Action for Breach of Implied Covenant Against

Competition is solely based on an alleged covenant arising out of the Stipulation and the

Bargaining Correspondence. In Defendants' Counterclaim, Defendants directly referenced the

Stipulation and the bargaining process leading to the Stipulation. Specifically, Defendants stated

that Harry

> "sold all of his shares in defendants, caused the early termination
> of the HARRY NIEBERG & SONS INC. Pension Plan of which
> he was a Trustee, and received all sums due him under said Plan
> **as part of a bargained for [sic] resolution of the dispute** with
> PETER and STANLEY and the dissolution proceedings by
> HARRY NIEBERG."

Defendants' Counterclaim at Paragraph 55 (emphasis supplied). Based on, and only based on,

this allegation, Defendants alleged that Harry impliedly covenanted not to compete with

Defendants and not to use the name NIEBERG OR HARRY NIEBERG. Defendants'

Counterclaim at Paragraph 56. The alleged "resolution" is the Stipulation and the alleged

bargaining that led to the Stipulation reduces itself to the Bargaining Correspondence. The

Stipulation and the Bargaining Correspondence constitute the only written documents for the

"resolution" and the bargaining for such resolution as referenced in Defendants' Counterclaim.

Defendants cannot raise the Third Cause of Action for Breach of Implied Covenant Against

Competition without presenting the Stipulation and the Bargaining Correspondence to the Court.

The Defendants were trying to escape the consequences of their own failure to introduce

pertinent documents as part of their pleading. Plaintiffs were thus entitled to produce these

pertinent documents, the Stipulation and the Bargaining Correspondence, as the exhibits to Plaintiffs' Motion when attacking Defendants' Counterclaim for failure to state a claim.

Furthermore, Defendants had actual notice of the Stipulation and the Bargaining Correspondence. When Defendants filed the Counterclaim, Defendants had in possession and had knowledge of the Stipulation and the Bargaining Correspondence upon which Defendants relied in bringing the Third Cause of Action for Breach of Implied Covenant Against Competition. Given the significance of Defendants' actual notice of and complete reliance upon the Stipulation and the Bargaining Correspondence, this Court should not convert Plaintiffs' Motion into a motion for summary judgment.[2] Therefore, for Plaintiff's Motion, this Court should consider both the Stipulation and the Bargaining Correspondence, as Defendants' Counterclaim references and solely relies upon these documents, which render these documents clearly integral to Defendants' Counterclaim. The Stipulation and the Bargaining Correspondence makes clear that Harry is entitled to use his name in the funeral industry as discussed above.

### C. Dismissal of Defendants' Third Cause of Action for Breach of Implied Covenant Against Competition Is Appropriate Because Defendants Fail to Adequately Oppose Such Dismissal.

Plaintiffs' Motion seeking dismissal of Defendants' claim for breach of implied covenant against competition should be granted because Defendants have failed to oppose such dismissal. Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides: "[e]xcept as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law . . . . Willful failure to comply with this rule may be deemed cause for the denial of a motion of for the granting of a motion by default." Therefore, Defendants' failure to submit any opposition papers or respond

---

[2] Even if the Court decides not to consider the Stipulation and the Bargaining Correspondence for Plaintiffs' Motion to Dismiss, Plaintiff hereby invite the Court to translate Plaintiffs' Motion to Dismiss pursuant to Rule 12(c) into Plaintiffs' Motion for Summary Judgment pursuant to Rule 56 where the Court considers evidence outside pleadings.

in any way provides sufficient grounds to grant Plaintiffs' Motion. *See Vargas v. Boston Chicken, Inc.*, 269 F. Supp. 2d 92, 98 (E.D.N.Y. 2003) (noting Local Rule 7.1 and granting motion to dismiss cross-claim upon defendant's failure to submit opposition papers); *Castro v. Metro. Transp. Auth.*, 2006 U.S. Dist. LEXIS 64575 (S.D.N.Y. 2006); *Hercules Cement Co. v. Marotta*, 1997 U.S. Dist. LEXIS 15530 (S.D.N.Y. 1997) (granting motion to dismiss cross-claim based upon third party plaintiff's "neglect to file any opposition whatever"). Despite filing papers in response to Plaintiffs' Motion, Defendants fail to oppose Plaintiffs' request to dismiss Defendants claim for breach of implied covenant against competition.

Defendants Opposition does not oppose Plaintiffs' Motion but instead attempts to inappropriately redraft Defendants' claim. Plaintiffs are seeking to dismiss Defendants' claim that Harry breached an ***implied covenant against competition***. *See* Defendants' Third Cause of Action in Defendants' Counterclaim (Document No. 6). Defendants do not argue that the implied covenant against competition claim should not be dismissed. *See generally* Defendants' Opposition. Instead, Defendants make an intriguing argument the Harry had an implied covenant to not impair the good will of Defendants. *See* Point I of Defendants' Opposition. Such argument is completely irrelevant with respect to opposing Plaintiff's Motion and, therefore, should not be seen as an opposition at all. Defendants argument is a thinly veiled attempt to inappropriately redraft Defendants' claims in an attempt to avoid dismissal and to divert this Court's attention from the issue at hand, whether dismissal of Defendants' claim of breach of an implied covenant against competition is warranted.

Interestingly, one of the cases cited by Defendants in support of Defendant impairment of good will argument actually distinguishes a claim for impairment of good will from a claim against improper competition and further supports dismissal of Plaintiff's breach of implied covenant against competition claim. In *Mohawk Maintenance Co., Inc., v. Irving G. Kessler et al.*, the court notes that there is an "important distinction between the duty to refrain from soliciting former customers, which arises upon the sale of the "good will" of an established business, and [the] separate duty to refrain from competing with the purchaser, ***which may only***

*arise out of an express agreement...*" 52 N.Y.2d 276, 283, 419 N.E.2d 324, 328 (N.Y.

1981)(emphasis supplied). Here there is no express covenant against competition in the

Stipulation and, therefore, pursuant to *Mohawk* no covenant against competition, implied or

otherwise, exists. As such, because Defendants have failed to properly oppose Plaintiffs' Motion

and the case law indicated that no implied covenant against competition exists, Defendants'

claim for breach of implied covenant against competition should be dismissed.

The cases cited by Defendants regarding precluding "a person from demanding the

unfettered right to use his own name" (Opposition at 8) are off point and distinguishable. All of

the cases cited by Defendant deal with name usage in the form of mark infringement claims not

contract claims, such as Defendants' breach against competition claim.[3] Plaintiffs are seeking to

dismiss Defendants' contract claim for breach of implied covenant against competition, not

Defendants' mark infringement and/or unfair competition claim. The only case cited by

Defendants dealing at all with a contract principle similar to Defendants claim for breach of

implied covenant against competition was *Yankelovich, Skelley and White, Inc. et al. v. White,*

*Yankelovich, Skelley Consulting Group, Inc., et al.*, 14 U.S.P.Q.2d (BNA) 1384; 1989 U.S. Dist.

LEXIS 11468 (S.D.N.Y. 1989). In *Yankelovich*, the plaintiffs alleged Lanham Act infringement

claims, common law trade name, trademark and service mark infringement, deceptive acts under

New York law and breach duty not to harm goodwill. The defendants were enjoined from using

the Yankelovich name. *Yankelovich*, however, is clearly distinguishable from the instant case

because defendants and plaintiffs in *Yankelovich* executed an agreement wherein defendants

expressly agreed not to use the Yankelovich name or any names or phrases similar thereto. *Id.*

---

[3] *See Bertolli USA, Inc. v. Filippo Bertolli fine Foods, Ltd.*, 662 F. Supp. 203 (S.D.N.Y. 1987)(Plaintiff alleged trademark infringement and false designation, unfair competition, injury to business reputation and dilution); *Henegan Constr. Co. v. Heneghan Contr. Corp.*, 63 U.S.P.Q.2D (BNA) 1984, 2002 U.S. Dist. LEXIS 10545 (S.D.N.Y. 2002)(Plaintiff brought federal claims for trademark infringement state law infringement claims and state law unfair competition claim, but no contract based claim); *David B. Findlay, Inc., et al., v. Walstein C. Findlay, Jr., et al.*, 18 N.Y.2d 12, 218, N.E.2d 531 (N.Y. 1966)(Plaintiff sought injunction enjoining use of name pursuant to trademark principles of confusion).

As such, *Yankelovich* is not at all applicable to the instant case. Thus, Defendants third

counterclaim for breach of implied covenant against competition must be dismissed.

> **D.     To the Extent that Defendants' Factual Assertions Regarding Impairment of Good Will Is Deemed Synonymous With Defendants' Breach of Implied Covenant Against Competition Claim, Such Claim Must Fail.**

Even if Defendants' argument regarding the implied covenant not to impair good will is

construed by this Court to be synonymous with Defendants breach of implied covenant against

competition, such claim must still be dismissed because Plaintiffs have not deliberately solicited

any of Defendants' customers and the Stipulation precludes such claim.   The case law cited by

Defendants makes clear that the implied covenant against impairing good will applies only in

cases where there is improper solicitation of customers.  For example in *Mohawk*, the court held

"[t]his implied covenant restricts the economic freedom of the seller only insofar as it precludes

him from approaching his former customers and attempting to regain their patronage after he has

purported to transfer their "good will" to his purchaser." *Id.* at 284, 419 N.E.2d at 328.  This is

consistent with the holding in *Hyde Park Products Corporation, et al., v. Maximilian Lerner

Corporation et al.*, where the court held defendant Lerner's ***deliberate solicitation*** of Hyde

Park's customers following sale of his interest amounted to a breach of the implied covenant

against impairment of good will.  65 N.Y. 2d 316, 324, 480 N.E.2d 1084, 1087-1088 (N.Y.

1985).[4]  Plaintiffs in the instant case have not deliberately solicited Defendants customers.

Defendants note themselves that it was their customer who contacted Plaintiffs, not Plaintiffs

deliberately soliciting Defendants customer.  As such, any claim for breach of implied covenant

against impairment of good will is not applicable and must be dismissed.

Defendants' "new claim" for breach of implied covenant against impairment of good will

is further precluded by the Stipulation and Bargaining Correspondence.  As indicated *supra* in

section A, the Stipulation and Bargaining Correspondence make it clear that Harry is entitled to

---

[4] *See also Autz v. Fagan*, 16 Misc. 1140A at Section "C" (Supreme Court, Nassau County 2007), which case was improperly cited by Defendants as it is unreported.

use his name in the funeral industry. This is makes the instant case clearly distinguishable from cases cited by Defendants. The cases cited by Defendants deal with situations where there is agreed upon restrictive covenants. In *Mohawk*, the defendant agreed that he would not engage in any business competitive with the plaintiffs business. Defendants also cite *Basscrafter, Inc. v. Ehrlich*, 109 A.D.2d 724, 486 N.Y.S.2d 42 (2d Dept. 1985) wherein an action was brought "for specific performance of certain ***restrictive covenants contained in a stock purchase agreement...***" (emphasis supplied). This certainly is not the case in the instant matter as no such restrictive covenants were agreed to in the Stipulation or otherwise. As such, any claim for breach of implied covenant against impairment of good will must be dismissed.

### E. Dismissal of Defendants' Fourth Cause of Action for Damages Is Appropriate Because Defendants Admit that the Claim Does Not Stand Alone.

Defendants' fourth cause of action entitled "Action For Damages" must be dismissed because Defendants admit in their Opposition that the "Action for Damages" based on the prior pled causes of actions and therefore is not a distinct, separate cause of action. Defendants admit that the "fourth counterclaim for damages specifically reflects that that counterclaim incorporates by reference all paragraphs which preceded it and which were predicated on the Lanham Act and New York Law." *See* Opposition at 9. This supports Plaintiffs' assertion that an "action for damages" must be grounded in an actionable theory of liability. Therefore, to the extent that Defendants' "Action for Damages" is pled as a separate cause of action with no underlying theory of liability, it must be dismissed. Furthermore, based on Defendants' admittance that the "Action for Damages" is predicated on the claims preceding it Defendants be must precluded Defendants from apply the damages claim to the Defendants' fifth claim cause of action for unfair competition.

Defendants also admit that to the extent that Defendants "Action for Damages" is duplicative it should be dismissed. Specifically Defendants state "[c]learly defendants will not be able to collect twice for the wrongs complained of..." Therefore, in line with Plaintiffs'

4824-5483-0594.1                                            12

Motion, to the extent that Defendants' "Action for Damages" is duplicative it should be dismissed.

**F.    Standard for FRCP 12(b)(6) Motion to Dismiss and FRCP 12(c) Motion on Pleadings Is the Same.**

Whether brought as a 12(b)(6) motion or a 12(c) motion, the standard for dismissal is the same.  *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005); *Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). As such, the standard for dismissal outlined in Plaintiffs' Motion is applicable and Defendants' third and fourth causes of action must be dismissed.  To the extent that the Court requires the Plaintiffs' Motion to be made as a FRCP 12(c) motion on the pleadings, Plaintiffs hereby request that Plaintiffs' Motion be recognized as such.

**IV.  CONCLUSION**

As set forth above and in Plaintiffs' Motion, Defendants' third and fourth causes of action as asserted in Defendants' Counterclaim against Plaintiffs must be dismissed and, as such, this Court must grant Plaintiffs' Motion to Dismiss Defendants' Third and Fourth Causes of Action.

Dated:  April 17, 2008.
City, State:  New York, New York

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By    /s/ **Joseph F. Uvino**
Joseph F. Uvino, Esq. (JU-9152)
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-13001
*Attorneys for Plaintiffs Harry Nieberg and*
*Harry Nieberg Funeral Home Inc.*

TO:

Ronald J. Offenkrantz, Esq.
LICHTER GLIEDMAN OFFENKRANTZ PC
551 Fifth Avenue
New York, NY 10176
(212) 867-7750
Attorneys for Defendants and Counterclaim Plaintiffs

Michael H. Smith, Esq.
ROSENBERG FELDMAN SMITH, LLP
551 Fifth Avenue
New York, NY 10176
(212) 682-3454
Attorneys for Defendants and Counterclaim Plaintiffs (Trial Counsel)

Samuel E. Kramer, Esq.
225 Broadway, Suite 3300
New York, New York 10007
(212) 285-2290
Attorney for Additional Counterclaim Defendant Sherman Funeral Home, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b), I certify that I am an employee of LEWIS BRISBOIS

BISGAARD & SMITH LLP and that on this 17th day of April, 2008, I did cause a true copy of

the **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION**

**TO DISMISS DEFENDANTS' THIRD AND FOURTH CAUSES OF ACTION** to be served

via CM/ECF on:

> Ronald J. Offenkrantz, Esq.
> LICHTER GLIEDMAN OFFENKRANTZ PC
> 551 Fifth Avenue
> New York, NY 10176
> (212) 867-7750
> Attorneys for Defendants and Counterclaim Plaintiffs
>
> Michael H. Smith, Esq.
> ROSENBERG FELDMAN SMITH, LLP
> 551 Fifth Avenue
> New York, NY 10176
> (212) 682-3454
> Attorneys for Defendants and Counterclaim Plaintiffs (Trial Counsel)
>
> Samuel E. Kramer, Esq.
> 225 Broadway, Suite 3300
> New York, New York 10007
> (212) 285-2290
> Attorney for Additional Counterclaim Defendant Sherman Funeral Home, Inc.

By    /s/ Raisha Gibson
      An Employee of
      LEWIS BRISBOIS BISGAARD & SMITH LLP

4824-5483-0594.1

15