UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HARRY NIEBERG, an individual and          Case No.: 08 CV 00392 (MGC)
HARRY NIEBERG FUNERAL HOME, INC.,
a New York corporation,
                Plaintiff,
    -against-
NIEBERG MIDWOOD CHAPEL, INC.,
a New York corporation and
MIDWOOD MEMORIAL CHAPEL, INC.,
a New York corporation,
                Defendant.
-------------------------------------------------------------x
NIEBERG MIDWOOD CHAPEL, INC.
and MIDWOOD MEMORIAL CHAPEL, INC.,
New York Corporations,
                Defendants and
                Counterclaim Plaintiffs,
    -against-
HARRY NIEBERG and
HARRY NIEBERG FUNERAL HOME, INC.,
                Counterclaim Defendant,
      -and-
SHERMAN FUNERAL HOME, INC.,
                "Additional Counterclaim
                Defendant".
-------------------------------------------------------------x

**ANSWER AND REPLY
BY "ADDITIONAL COUNTERCLAIM DEFENDANT",
SHERMAN FUNERAL HOME, INC.**

      "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., by its undersigned attorney, Samuel E. Kramer, Esq., as and for its Answer and Reply to the pleading denominated as the "First Cause of Action of Counterclaim", sets forth and alleges as follows:

<u>AS TO THE FIRST "COUNTERCLAIM" AGAINST SHERMAN FUNERAL HOME, INC.:</u>

1.      Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶35 of the Answer and so-entitled "counterclaim"

to the extent that same is alleged against Sherman Funeral Home, Inc.

2. Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶36 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

3. Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief with respect to the truth or falsehood of ¶37 of the Answer and so-entitled "counterclaim" to the extent that same alleges that plaintiff, Harry Nieberg Funeral Home, Inc., "holds itself out as doing business under that name in the Yellow Pages and in signage and placard at the premises occupied by Sherman [Funeral Home, Inc.] located at 1283 Coney Island Avenue, Brooklyn, NY 11230", and furthermore denies that Exhibit A to the Answer and so-entitled "counterclaim" was an accurate representation of the facts as of the date of the Answer and so-entitled "counterclaim" .

4. Sherman Funeral Home, Inc. denies ¶38 of the Answer and so-entitled "counterclaim" to the extent that same alleges that it "is duly licensed to provide professional funeral services", and affirmatively avers that Sherman Funeral Home, Inc. is a New York corporation occupying premises located at 1283 Coney Island Avenue, Brooklyn, NY11230 and is duly registered with the State of New York, Department of Health, Bureau of Funeral Directing as a funeral home, and, with respect to the allegation that "[t]his Court has jurisdiction" as against so-entitled "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., avers that same is a conclusion of law, and is not a fact requiring an admission or denial, and, in any event, denies that the appellation "Additional Counterclaim Defendant" is a properly pleaded party.

5.       Admits ¶39 of the Answer and so-entitled "counterclaim".

6.       Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶40 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

7.       Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶41 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

8.       Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶42 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

9.       Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶43 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

<u>AS TO THE "FIRST CAUSE OF ACTION OF COUNTERCLAIM":</u>

10.       With respect to ¶ 44 of the Answer and so-entitled "counterclaim", Sherman Funeral Home, Inc. repeats and realleges each and every allegation set forth at ¶ "1" through ¶ "10" hereof, inclusive, with the same force and effect as if same had been set forth at length herein, and, in any event, denies that there is any sort of pleading properly denominated as a "Cause of Action of Counterclaim", in any event, denies that the denomination of a party as an "Additional Counterclaim Defendant" is proper.

11.       Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶45 of the Answer and so-entitled "counterclaim"

to the extent that same is alleged against Sherman Funeral Home, Inc.

12.  Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶46 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

13.  Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶47 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

14.  Sherman Funeral Home, Inc. denies each and every allegation set forth in ¶ 48 of the Answer and so-entitled "counterclaim".

15.  Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶49 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc., except admits that on or about October 2, 2007, counsel for defendants, Nieberg Midwood Chapel, Inc and Midwood Memorial Chapel, Inc. ("Defendants"), forwarded to Sherman Funeral Home, Inc. a copy of a letter which, upon information and belief, appears as Exhibit C to the Answer and so-entitled "counterclaim"; to the extent that said paragraph alleges that a sign on the premises at 1283 Coney Island Avenue, Brooklyn, New York bearing the words "Harry Nieberg" was removed therefrom, Sherman Funeral Home, Inc. denies that such removal was "temporary" and affirmatively avers that the removal of said sign was to continue, and, in fact, continues to the date hereof, and shall continue, pending the resolution of the dispute or disputes between Harry Nieberg and Defendant; and, furthermore, denies the allegation that "Sherman [Funeral Home, Inc.] ... did not stop Harry from using its address ...".

16.         Sherman Funeral Home, Inc. denies each and every allegation set forth in ¶ 50 of the Answer and so-entitled "counterclaim".

17.         Sherman Funeral Home, Inc. denies each and every allegation set forth in ¶ 51of the Answer and so-entitled "counterclaim".

AS TO THE "SECOND CAUSE OF ACTION":

18.         With respect to ¶ 52 of the Answer and so-entitled "counterclaim", Sherman Funeral Home, Inc. repeats and realleges each and every allegation set forth at ¶ "1" through ¶ "17" hereof, inclusive, with the same force and effect as if same had been set forth at length herein, and, in any event, denies that the denomination of a party as an "Additional Counterclaim Defendant" is proper.

19.         Sherman Funeral Home, Inc. denies each and every allegation set forth in ¶ 53of the Answer and so-entitled "counterclaim".

AS TO THE "THIRD CAUSE OF ACTION":

20.         With respect to ¶ 54 of the Answer and so-entitled "counterclaim", Sherman Funeral Home, Inc. repeats and realleges each and every allegation set forth at ¶ "1" through ¶ "19" hereof, inclusive, with the same force and effect as if same had been set forth at length herein, and, in any event, denies that the denomination of a party as an "Additional Counterclaim Defendant" is proper.

21.         Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶55 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

22.         Sherman Funeral Home, Inc. denies having knowledge or information sufficient to

form a belief as to the truth or falsehood of ¶56 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

### AS TO THE "FOURTH CAUSE OF ACTION":

23.      With respect to ¶ 57 of the Answer and so-entitled "counterclaim", Sherman Funeral Home, Inc. repeats and realleges each and every allegation set forth at ¶ "1" through ¶ "22" hereof, inclusive, with the same force and effect as if same had been set forth at length herein, and, in any event, denies that the denomination of a party as an "Additional Counterclaim Defendant" is proper.

24.      Sherman Funeral Home, Inc. denies each and every allegation set forth in ¶ 58 of the Answer and so-entitled "counterclaim".

### AS TO THE "FIFTH CAUSE OF ACTION":

25.      With respect to ¶ 59 of the Answer and so-entitled "counterclaim", Sherman Funeral Home, Inc. repeats and realleges each and every allegation set forth at ¶ "1" through ¶ "24" hereof, inclusive, with the same force and effect as if same had been set forth at length herein, and, in any event, denies that the denomination of a party as an "Additional Counterclaim Defendant" is proper.

26.      Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶60 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

27.      Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶61 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

28. Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶62 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

29. Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶63 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

30. Sherman Funeral Home, Inc. denies having knowledge or information sufficient to form a belief as to the truth or falsehood of ¶64 of the Answer and so-entitled "counterclaim" to the extent that same is alleged against Sherman Funeral Home, Inc.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE:</u>

31. Sherman Funeral Home, Inc. is and was at all times herein a domestic corporation with a place of business at 1283 Coney Island Avenue, Brooklyn, New York.

32. Sherman's Flatbush Memorial Chapel, Inc. is and was at all times herein a domestic corporation with a place of business at 1283 Coney Island Avenue, Brooklyn, New York.

33. Joseph Sherman is, and has been at all times herein, the President of Sherman Funeral Home, Inc., and is, and has at all times herein been, an Officer of Sherman's Flatbush Memorial Chapel, Inc.

34. Prior to October, 2007, Harry Nieberg, individually, was known to Joseph Sherman.

35. Upon information and belief, Harry Nieberg is and was at all times herein a funeral director duly licensed by the State of New York.

36. Prior to October, 2007, Harry Nieberg inquired of Joseph Sherman with respect to Harry Nieberg's performing services as a funeral director, either individually or as an

employee of a corporation to be formed by him, at the premises located at 1283 Coney Island Avenue, Brooklyn, New York or by referring funeral work to Sherman's Flatbush Memorial Chapel, Inc.

37. Prior to October, 2007, Harry Nieberg and Joseph Sherman agreed that Harry Nieberg, either individually or as an employee of a corporation to be formed by him, would perform services as a funeral director, either individually or as an employee of a corporation to be formed by him, at the premises located at 1283 Coney Island Avenue, Brooklyn, New York or by referring funeral work to Sherman's Flatbush Memorial Chapel, Inc.

38. Upon information and belief, in connection with Harry Nieberg's anticipated performance of funeral services at 1283 Coney Island Avenue, Brooklyn, New York, Harry Nieberg caused to be incorporated Harry Nieberg Funeral Home, Inc., with the Secretary of State of New York, and took such other steps as are required to commence operations as licensed funeral director, operating as, by and through Harry Nieberg Funeral Home, Inc. including, the preparation and filing of a schedule of fees with the New York State Department of Health.

39. As an aspect of preparing to commence operations as licensed funeral director, operating as, by and through Harry Nieberg Funeral Home, Inc., a sign bearing the name "Harry Nieberg Funeral Home, Inc." was placed on the exterior wall of 1283 Coney Island Avenue, Brooklyn, New York and covered with a sheet of opaque plastic, so as to be unreadable, pending receipt of the authorizations required pursuant to New York State law.

40. At no time did any entity known as Harry Nieberg Funeral Home, Inc. perform funeral services or otherwise operate at 1283 Coney Island Avenue, Brooklyn, New York.

41. Prior to October, 2007, Sherman Funeral Home, Inc. received a "cease and desist" letter from the attorney for defendants, Nieberg Midwood Chapel, Inc and Midwood Memorial Chapel, Inc., ("Defendants") ,with respect to, *inter alia*, the use by Harry Nieberg of the name Harry Nieberg Funeral Home, Inc.

42. By letter dated October 19, 2007, Sherman Funeral Home, Inc. advised counsel for Defendants that: "pending resolution of [the] dispute [between Harry Nieberg and Defendants], we will not permit the name Harry Nieberg Funeral Home to be used at our establishment with respect to the dated performance of funeral services."

43. In furtherance of the letter of October 19, 2007, on or about that date, the sign bearing the name "Harry Nieberg Funeral Home, Inc." , which had been placed on the exterior wall of the premises located at1283 Coney Island Avenue, Brooklyn, New York, was removed.

44. Subsequent to the letter of October 19, 2007, Harry Nieberg, upon information and belief a duly licensed funeral director, referred funeral business to Sherman's Flatbush Memorial Chapels, Inc.

45. By reason of the foregoing, "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., is not liable for any of the damages alleged against it in the Answer and Counterclaim asserted by Defendants.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND A<br>
<u>FIRST COUNTERCLAIM AGAINST PLAINTIFF, HARRY NIEBERG:</u>

46. "Additional Counterclaim Defendant", Sherman Funeral Home, Inc, repeats and realleges each and every allegation heretofore set forth in ¶ 31 through ¶45 hereof, with the same force and effect as if set forth at length herein.

47. In connection with the referral of funeral business by Harry Nieberg to Sherman's Flatbush Memorial Chapels, Inc., subsequent to the "cease and desist" letter sent by counsel for defendants, it was the specific obligation of Harry Nieberg to advise all funeral clients that referrals were being made to Sherman's Flatbush Memorial Chapels, Inc., and to no other entity, including but not limited to Harry Nieberg Funeral Home, Inc. or Defendants.

48. On or about January 13, 2008, Harry Nieberg referred Richard Daidone to Sherman's Flatbush Memorial Chapels, Inc. with respect to the funeral of Mr. Daidone's mother, Dorothy Daidone (the "Daidone Funeral").

49. All work in connection with the Daidone Funeral was performed by Sherman's Flatbush Memorial Chapels, Inc., and all documents required to be prepared were on the letterhead or official form of Sherman's Flatbush Memorial Chapels, Inc.

50. Upon information and belief, Pearl Hollenbeck was the sister of Dorothy Daidone.

51. Upon information and belief, Pearl Hollenbeck requested an upgrade with respect to the casket which had been selected by Richard Daidone for the Daidone Funeral.

52. Upon information and belief, Pearl Hollenbeck was advised that the Daidone Funeral was referred by Harry Nieberg to Sherman's Flatbush Memorial Chapels, Inc.

53. To the extent that the Harry Nieberg may have failed to advise the persons involved in the Daidone Funeral that same was referred to Sherman's Flatbush Memorial Chapels, Inc., and would not, in fact, be performed under the auspices of Harry Nieberg Funeral Home, Inc. or Defendants, then Harry Nieberg was in breach of his agreement with Sherman's Flatbush Memorial Chapels, Inc.

54. To the extent that the Harry Nieberg may have failed to advise the persons involved

any funerals other than, or in addition to, the Daidone Funeral that same was referred to Sherman's Flatbush Memorial Chapels, Inc., and would not, in fact, be performed under the auspices of Harry Nieberg Funeral Home, Inc. or Defendants, then Harry Nieberg was in breach of his agreement with Sherman's Flatbush Memorial Chapels, Inc.

55. By reason of the foregoing, "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., is not liable for any of the damages alleged against it in the Answer and Counterclaim asserted by Defendants.

56. To the extent that "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., is found to be liable for any of the damages alleged against it in the Answer and Counterclaim asserted by Defendants, then Harry Nieberg, by reason of his having breached his agreement with Sherman's Flatbush Memorial Chapels, Inc., as aforesaid, is liable to indemnify "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., with respect to the payment of such damages.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., repeats and realleges each and every allegation heretofore set forth in ¶ 31 through ¶56 hereof, with the same force and effect as if set forth at length herein.

58. The so-entitled counterclaim as against "Additional Counterclaim Defendant", Sherman Funeral Home, Inc. is barred by the doctrine of waiver.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59. "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., repeats and realleges each and every allegation heretofore set forth in ¶ 31 through ¶56 hereof, with the

same force and effect as if set forth at length herein.

60.     The so-entitled counterclaim as against "Additional Counterclaim Defendant", Sherman Funeral Home, Inc. is barred by the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

61.     "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., repeats and realleges each and every allegation heretofore set forth in ¶ 31 through ¶56 hereof, with the same force and effect as if set forth at length herein.

62.     The so-entitled counterclaim as against "Additional Counterclaim Defendant", Sherman Funeral Home, Inc. is barred by the failure of Defendants to name a necessary party.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63.     "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., repeats and realleges each and every allegation heretofore set forth in ¶ 31 through ¶56 hereof, with the same force and effect as if set forth at length herein.

64.     The so-entitled counterclaim as against "Additional Counterclaim Defendant":, Sherman Funeral Home, Inc. is barred by the failure of Defendants to state a claim for which relief may be lawfully granted.

WHEREFORE, "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., demands that the so-entitled Counterclaim set forth against it be dismissed, with prejudice, and respectfully requests that to the extent that "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., is found to be liable for any of the damages alleged against it in the Answer and Counterclaim asserted by Defendants, then Harry Nieberg, by reason of his having breached his agreement with Sherman's Flatbush Memorial Chapels, Inc., as aforesaid, be held to be liable to

indemnify "Additional Counterclaim Defendant", Sherman Funeral Home, Inc., with respect to the payment of such damages, and that the Court grant such other and further relief as it deems just.

Dated: New York, New York
      April 21, 2008

          SAMUEL E. KRAMER, ESQ.
          Attorney for "Additional
          Counterclaim Defendant",
          SHERMAN FUNERAL HOME, INC.

          S/Samuel E. Kramer
by:_____
          Samuel E. Kramer (SK 6948)
          225 Broadway - Suite 3300
          New York, New York 10007
          Telephone: (212) 285-2290
          e-mail: samkatty@bway.net

To:

    LICHTER GLEIDMAN OFFENKRANTZ, PC
    551 Fifth Avenue
    New York, New York 10176

    ROSENBERG FELDMAN SMITH LLP
    551 Fifth Avenue
    New York, New York 10176

    LEWIS BRISBOIS BISGAARD & SMITH
    199 Water Street
    New York, New York 10038

    LEWIS BRISBOIS BISGAARD & SMITH
    400 South Fourth Street - Suite 500
    Las Vegas, Nevada  89101

CERTIFICATION OF SERVICE BY MAIL

SAMUEL E. KRAMER, an attorney duly admitted to practice law in the State of New York, and the Southern District of New York, hereby declares under penalty of perjury and says:

I am not a party to this action, am over 18 years of age and reside in the State of New York; on April 21, 2008, I served the within Answer and Reply by "Additional Counterclaim Defendant", Sherman Funeral Home, Inc. by filing same with the Court's ECF System and by mailing a true copy of same to the undersigned counsel at the addresses designated by them for that purpose by depositing a true copy of same enclosed in a postage paid properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service within New York State, as follows:

LICHTER GLEIDMAN OFFENKRANTZ, PC
551 Fifth Avenue
New York, New York 10176

ROSENBERG FELDMAN SMITH LLP
551 Fifth Avenue
New York, New York 10176

LEWIS BRISBOIS BISGAARD & SMITH
199 Water Street
New York, New York 10038

LEWIS BRISBOIS BISGAARD & SMITH
400 South Fourth Street - Suite 500
Las Vegas, Nevada 89101

Dated: April 21, 2008
New York, New York           S/Samuel E. Kramer
                             _____
                             SAMUEL E. KRAMER (SK 6948)