UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | |
|---|---|
| HARRY NIEBERG, an individual, and HARRY NIEBERG FUNERAL HOME INC., a New York corporation, : : : | Case No. 08 CV 00392 (MGC) |
| Plaintiffs, : | |
| v. : | **STIPULATION AND ORDER** *Partial Settlement* |
| NIEBERG MIDWOOD CHAPEL INC., a New York corporation, MIDWOOD MEMORIAL CHAPEL INC., a New York corporation, : : : | USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/17/08 |
| Defendants. : | |
| ------------------------------------------------------------- x | |
| NIEBERG MIDWOOD CHAPEL INC., and MIDWOOD MEMORIAL CHAPEL INC., New York corporations, Defendants and Counterclaim Plaintiffs, : : : : | |
| v. : | |
| HARRY NIEBERG, and HARRY NIEBERG FUNERAL HOME INC., Counterclaim Defendants, and SHERMAN FUNERAL HOME INC., Additional Counter-Claim Defendant. : : : : | |
| ------------------------------------------------------------- x | |

**WHEREAS,** this action alleging trademark infringement, unfair competition and other claims was commenced by plaintiffs, HARRY NIEBERG and HARRY NIEBERG FUNERAL HOME INC. against defendants on January 15, 2008, and

**WHEREAS,** defendants answered the Complaint on February 7, 2008 and asserted counterclaims against plaintiffs and against SHERMAN FUNERAL HOME INC.

("SHERMAN") as an additional counterclaim defendant for violations of the Lanham Act and various provisions of New York State law, and

**WHEREAS,** defendants and counterclaim plaintiffs, NIEBERG MIDWOOD CHAPEL INC. and MIDWOOD MEMORIAL CHAPEL INC. have alleged that HARRY NIEBERG FUNERAL HOME INC. is not licensed by the New York State Department of Health to operate or hold itself out as authorized to operate a funeral home in the State of New York, and

**WHEREAS,** defendants and SHERMAN wish to terminate this action insofar as the counterclaim against SHERMAN demands relief against SHERMAN by stipulation to resolve all claims against them upon consent without further proceedings and without the payment by SHERMAN of any monies to defendants, NIEBERG MIDWOOD CHAPEL INC. and MIDWOOD MEMORIAL CHAPEL INC. under the Lanham Act or otherwise against SHERMAN, and

**WHEREAS,** NIEBERG MIDWOOD CHAPEL, INC. and MIDWOOD MEMORIAL CHAPEL, INC. covenant and represent that they shall not use or otherwise hold either of themselves out with the name "SHERMAN", "SHERMAN FUNERAL HOME, INC.", "SHERMAN MEMORIAL CHAPEL, INC.", "SHERMAN FLATBUSH MEMORIAL CHAPEL" or any similar words which imply or indicate an association with SHERMAN, in any manner or form, and SHERMAN hereby enters into this Stipulation in reliance upon that covenant and representation, and

**WHEREAS,** in entering into this Stipulation and Order, defendant SHERMAN does not admit the truth or validity of the allegations set forth in defendants' counterclaim, and

**WHEREAS,** SHERMAN waives any right to appeal from the entry of this Stipulation and Order.

**NOW, THEREFORE,** upon the consent of NIEBERG MIDWOOD CHAPEL INC. and MIDWOOD MEMORIAL CHAPEL INC. and SHERMAN FUNERAL HOME, INC.,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** as follows:

1. This is an action arising under Section 43(a) of the United States Trademark Act 15 U.S.C. §1125(a) and the provisions of New York State law for alleged claims of trademark infringement and unfair competition and for deceptive acts and practices under the New York State General Business Law.

2. Jurisdiction is based upon 28 U.S.C. §1331 and §1338 and the Court's supplemental jurisdiction.

3. Defendants are corporations duly organized and existing under the laws of the State of New York, having their principal place of business at 1625 Coney Island Avenue, Brooklyn, NY 11230 and doing business in the State of New York and in this judicial district.

4. Additional counterclaim defendant, SHERMAN, is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 1283 Coney Island Avenue, Brooklyn, NY 11230 and at all times stated herein has transacted and has done business in the State of New York and in this judicial district.

5. SHERMAN, SHERMAN's FLATBUSH MEMORIAL CHAPEL, INC., their subsidiaries, parents and affiliated entities and their shareholders, officers, directors, employees, agents, attorneys, co-venturers and any and all persons in active concert or participation with it

or them, (a) are permanently restrained and enjoined from advertising, promoting or otherwise using, whether directly or indirectly, the name HARRY NIEBERG FUNERAL HOME INC. and/or HARRY NIEBERG and/or NIEBERG in any capacity whatsoever including, without limitation, as licensee, landlord, joint venturer, or otherwise, or holding itself or themselves out or permitting any other person or entity to hold itself out as performing services or related activities under the NIEBERG name or any similar name from or at its present location, 1283 Coney Island Avenue, Brooklyn, NY 11230, or from or at any other location; (b) are restrained and enjoined from displaying, distributing, or using any signage, plaques, cards, business cards, announcements, advertising or any other written or electronically transmitted material of any sort or nature displaying, showing or using the name HARRY NIEBERG, NIEBERG or HARRY NIEBERG FUNERAL HOME INC.; (c) are restrained and enjoined from using, disseminating, or otherwise conveying to any person or persons any confidential information or material imparted to it or them from HARRY NIEBERG relating to the business affairs of defendants; (d) within ten days of the execution by the Court of this Order, shall notify the New York State Department of Health, the Yellow Pages, internet providers and all other governmental agencies, advertising media and/or any other publications that the use of its address at 1283 Coney Island Avenue, Brooklyn, NY 11230 for, or by, HARRY NIEBERG, or any entity in which HARRY NIEBERG has an interest or affiliated with HARRY NIEBERG, whether directly or indirectly, is unauthorized and any permission heretofore granted is null and void and directing that any approvals heretofore granted or requested are rescinded.

6. This Stipulation and Order is entered without the Court having heard testimony and without any trial or adjudication on the merits and nothing in this Stipulation and Order or in this Action shall constitute an adjudication of any issue of fact or law by way of res judicata, collateral estoppel or otherwise or evidence against or any admission of any fact or other matter

21559                                     4

by SHERMAN or any other person except as specifically set forth in the section of this Stipulation and Order concerning the jurisdiction of this Court.

7.  This Court shall retain jurisdiction to enforce and implement this Stipulation and Order upon the application of any party, and all notices in connection therewith shall be deemed sufficient to each undersigned party when served upon its undersigned attorneys with a copy by hand or by overnight delivery, to the parties at the addresses indicated hereinbelow and their counsel.

8.  The parties waive the right to appeal or otherwise contest this Stipulation and Order. Each party shall bear its own costs.

9.  The SHERMAN claim over against plaintiff HARRY NIEBERG is withdrawn

We consent to the form and entry of the above.

Dated: New York, New York
       May 21, 2008

NIEBERG MIDWOOD CHAPEL INC.
MIDWOOD MEMORIAL CHAPEL INC.

By: _____
Name: STANLEY NIEBERG
Title: PRESIDENT
1625 Coney Island Avenue
Brooklyn, NY 11230

SHERMAN FUNERAL HOME, INC.

By: _____
Name:   Joseph Sherman
Title:   President
         1283 Coney Island Avenue
         Brooklyn, NY 11230

LICHTER GLIEDMAN OFFENKRANTZ PC
Attorneys for Defendants

By: _____
    Ronald J. Offenkrantz (1334)
    551 Fifth Avenue
    New York, NY 10176
    (212) 867-7750

SAMUEL E. KRAMER, ESQ.

_____
Attorney-At-Law
225 Broadway – Suite 3300
New York, NY 10007
(212) 964-4506

21559                                    5

by SHERMAN or any other person except as specifically set forth in the section of this Stipulation and Order concerning the jurisdiction of this Court.

7. This Court shall retain jurisdiction to enforce and implement this Stipulation and Order upon the application of any party, and all notices in connection therewith shall be deemed sufficient to each undersigned party when served upon its undersigned attorneys with a copy by hand or by overnight delivery, to the parties at the addresses indicated hereinbelow and their counsel.

8. The parties waive the right to appeal or otherwise contest this Stipulation and Order. Each party shall bear its own costs.

9. The SHERMAN claim over against plaintiff HARRY NIEBERG is withdrawn

We consent to the form and entry of the above.

Dated: New York, New York
       May 21, 2008

NIEBERG MIDWOOD CHAPEL INC.
MIDWOOD MEMORIAL CHAPEL INC.

By:_____
Name:
Title:
1625 Coney Island Avenue
Brooklyn, NY 11230

SHERMAN FUNERAL HOME, INC.

By: [signature]
Name:  Joseph Sherman
Title:  President
        1283 Coney Island Avenue
        Brooklyn, NY 11230

LICHTER GLIEDMAN OFFENKRANTZ PC
Attorneys for Defendants

By: [signature]
    Ronald J. Offenkrantz (1334)
    551 Fifth Avenue
    New York, NY 10176
    (212) 867-7750

SAMUEL E. KRAMER, ESQ.

[signature]
Attorney-At-Law
225 Broadway – Suite 3300
New York, NY 10007
(212) 964-4506

21559

5

So Ordered
[signature]
United States District Judge
June 7, 2008