```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
HARRY NIEBERG AND HARRY NIEBERG
FUNERAL HOME INC.
                Plaintiffs,           OPINION

        -against-                     08 Civ. 00392 (MGC)

NIEBERG MIDWOOD CHAPEL, INC. AND MIDWOOD
MEMORIAL CHAPEL, INC.,
                Defendants.
-----------------------------------X
NIEBERG MIDWOOD CHAPEL, INC. AND MIDWOOD
MEMORIAL CHAPEL, INC.,
        Counterclaim Plaintiffs,

        -against-

HARRY NIEBERG AND HARRY NIEBERG
FUNERAL HOME INC.
        Counterclaim Defendants, and
SHERMAN FUNDERAL HOME, INC.,
           Third Party Defendant
-----------------------------------X
```

APPEARANCES:

    LEWIS BRISBOIS BISGAARED & SMITH, LLP
    Attorneys for Plaintiffs-Counterclaim Defendants
    199 Water Street, 25th Floor
    New York, NY 10038
    By: Joseph Uvino, Esq.

    LICHTER GLIEDMAN OFFENKRANTZ PC
    Attorneys for Defendants-Counterclaim Plaintiffs
    551 Fifth Avenue
    New York, New York  10176
    By:  Ronald J. Offenkrantz, Esq.

    ROSENBERG FELDMAN SMITH, LLP
    Attorneys for Defendants-Counterclaim Plaintiffs
    551 Fifth Avenue
    New York, New York  10176
    By:  Michael H. Smith, Esq.

**Cedarbaum, J.**

Harry Nieberg and Harry Nieberg Funeral Home Inc. move under Fed. R. Civ. P. 12(b)(6) to dismiss the third and fourth counterclaims of Nieberg Midwood Chapel Inc. and Midwood Memorial Chapel Inc. ("Midwood Parties").  The third counterclaim alleges breach of an implied covenant against competition and/or use of the name "Harry Nieberg" or "Nieberg."  The fourth counterclaim is a "cause of action for damages." For the reasons that follow, the motion to dismiss is granted.

## DISCUSSION

**I. The Third Counterclaim Is Dismissed Because a Covenant Against Competition May Only Arise Out of An Express Agreement**

The Midwood Parties' third counterclaim is for "breach of implied covenant against competition and/or use of the name 'Harry Nieberg' or 'Nieberg.'" The Midwood Parties allege that Harry Nieberg "impliedly covenanted not to compete with defendants in the area of funeral services" by selling his one-third interest in defendants.  However, a duty to refrain from competing with the purchaser of a business "may only arise out of an express agreement." Mohawk Maintenance Co., Inc. v. Kessler, 52 N.Y.2d 276, 283 (1981). Therefore, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the. . . allegation[]" of breach of an implied

covenant against competition.  Olkey v. Hyperion 1999 Term Trust, Inc., 98 F.3d 2, 5 (2d Cir. 1996)(internal quotation omitted).

The Midwood Parties' third counterclaim also alleges breach of an implied covenant not to use the names "Nieberg" or "Harry Nieberg."  New York law provides that the right to use one's own name may be enjoined to prevent unfair competition where such use threatens to induce confusion in the public mind.  Brasscrafters, Inc. v. Ehrlich, 486 N.Y.S.2d 42, 43 (N.Y. App. Div. 2d Dep't 1985)(citing David B. Findlay, Inc. v Findlay, 18 N.Y.2d 12 (1966), cert. denied, 385 U.S. 930 (1966)). However, the parties have provided no authority, nor has the Court found any authority, indicating that New York law recognizes implied agreements not to use a name.  Moreover, the Midwood Parties have separately counterclaimed for unfair competition, which subsumes their claim for an implied covenant not to use a name.

Therefore, the motion to dismiss the third counterclaim is granted.

**II. Cause of Action for Damages**

The Midwood Parties' fourth counterclaim is an "action for damages" alleging that counterclaim defendants are liable in damages by virtue of acts and conduct complained of in the Midwood Parties' counterclaims. This is not a cause of action, but rather a demand for damages.  The Midwood Parties repeat their demand for damages at the end of their counterclaims, making this counterclaim repetitive as well as incorrectly identified as a claim.  Therefore, the motion to dismiss the fourth counterclaim is granted.

## CONCLUSION

For the reasons set forth above, Harry Nieberg and Harry Nieberg Funeral Home Inc.'s motion dismiss the third and fourth counterclaims of Nieberg Midwood Chapel Inc. and Midwood Memorial Chapel Inc. is granted.


SO ORDERED.

Date:     New York, New York
          March 20, 2009

                              S/_____
                                 MIRIAM GOLDMAN CEDARBAUM
                                 United States District Judge

4